# Supreme Court of Florida

_____

No. SC2024-0003

_____

**IN RE: AMENDMENTS TO THE FLORIDA FAMILY LAW RULES OF PROCEDURE – FORMS.**

June 26, 2025

PER CURIAM.

The Florida Bar's Family Law Rules Committee has filed a report proposing amendments to Florida Family Law Rules of Procedure Forms 12.900(a) (Disclosure from Nonlawyer), 12.900(b) (Notice of Limited Appearance), 12.900(c) (Consent to Limited Appearance by Attorney), 12.900(d) (Termination of Limited Appearance), 12.900(e) (Acknowledgment of Assistance by Attorney), 12.900(g) (Agreement Limiting Representation), 12.901(a) (Petition for Simplified Dissolution of Marriage), 12.902(c) (Family Law Financial Affidavit (Long Form)), 12.902(e) (Child Support Guidelines Worksheet), 12.930(a) (Notice of Service of Standard Family Law Interrogatories), 12.930(b) (Standard Family Law Interrogatories for Original or Enforcement Proceedings), 12.930(c)

(Standard Family Law Interrogatories for Modification Proceedings), and 12.932 (Certificate of Compliance with Mandatory Disclosure).[1] The Board of Governors of The Florida Bar unanimously recommends adopting the proposed amendments.

The Committee published its proposal for comment and received one comment. After the proposed amendments were filed, we re-published the proposal for comment and one comment was received. The Committee responded and revised its proposal in response to the comment. Having reviewed the Committee's proposal, the comment, and the response, we adopt the Committee's revised proposal with minor modifications. We discuss the more significant amendments below.

First, although the Committee has not proposed it, we note the suggestion of The Florida Bar Family Law Section and combine forms 12.900(b) and 12.900(c) into a single form, titled "Notice of and Consent to Limited Appearance." We then delete form 12.900(c). As the Committee proposed, we amend paragraph 2 in

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

form 12.900(b), which designates the types of issues for which the attorney will be making a limited appearance, to use language that mirrors Florida Family Law Rule of Procedure 12.040(c)(1) (Attorneys; Scope of Representation) by referring to "proceeding(s) or matter(s)." Also, on the list of issues, we make "parental responsibility" and "time-sharing" separate types of issues and add "mediation" as a new type of issue.

Next, in form 12.900(e), we delete the reference to the specific attorney who assists the pro se litigant. Now, the form simply reads that the litigant "certifies that this document was prepared with the assistance of counsel."

Further, while we revise form 12.901(a) to improve clarity and readability, we decline to implement some of the Committee's proposed changes related to minor and dependent children, and instead keep the language in the instructions and form consistent with the language of Florida Family Law Rule of Procedure 12.105(a)(1) (Simplified Dissolution Procedure; Requirements for Use).

In form 12.902(e), we add the case caption at the beginning of the form worksheet and a separate table before the Child Support Guidelines Worksheet titled "Gross Income Calculation."

Additionally, in the instructions to forms 12.930(a) and 12.930(b), we decline to implement the Committee's suggested changes advising that a party may take action to compel a response. We instead retain the prior language indicating that a failure to respond may result in sanctions.

Accordingly, the Florida Family Law Rules of Procedure Forms are amended as reflected in the appendix to this opinion, with the forms fully engrossed and ready for use. The forms may be accessed and downloaded from the Florida State Courts' website at http://www.flcourts.org/resources-and-services/court-improvement/family-courts/family-law-forms.stml. The amendments shall take effect immediately upon the release of this opinion. We thank the Committee for its attention to this important task.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Family Law Rules of Procedure

Jeffrey Paul Battista, Chair, Family Law Rules Committee, Vero Beach, Florida, Hon. Howard Ogle McGillin, Jr., Past Chair, Family Law Rules Committee, St. Augustine, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Kelly Noel Smith, Bar Liaison, The Florida Bar, Tallahassee, Florida,

 for Petitioner

Christopher William Rumbold, Chair, Family Law Section of The Florida Bar, Fort Lauderdale, Florida, Sarah E. Kay, Past Chair, Family Law Section of The Florida Bar, Tampa, Florida, Lindsay Agranoff Gunia, Co-Chair, Rules and Forms Committee, Family Law Section of The Florida Bar, Miami, Florida, Jaime Rodriguez Girgenti, Co-Chair, Rules and Forms Committee, Family Law Section of The Florida Bar, Clearwater, Florida, Temi N. Zeitenberg, Past Co-Chair, Rules and Forms Committee, Family Law Section of The Florida Bar, Boca Raton, Florida, and Marck K. Joseph, Jr., Past Co-Chair, Rules and Forms Committee, Family Law Section of The Florida Bar, Miami, Florida,

 Responding with comments

# APPENDIX

## INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.900(a)
## DISCLOSURE FROM NONLAWYER (06/25)

### When should this form be used?

This form must be used when anyone who is **not** a lawyer in good standing with The Florida Bar helps you complete any Florida Family Law Form. Attorneys who are licensed to practice in other states but not Florida, or who have been disbarred or suspended from the practice of law in Florida, are nonlawyers for the purposes of the Florida Family Law Forms and instructions.

The nonlawyer must complete this form and both of you are to sign it before the nonlawyer assists you in completing any Family Law Form.

**In addition**, on any other form with which a nonlawyer helps you, the nonlawyer shall complete the nonlawyer section located at the bottom of the form unless otherwise specified in the instructions to the form. This is to protect you and be sure that you are informed in advance of the nonlawyer's limitations.

### What should I do next?

A copy of this disclosure, signed by both the nonlawyer and the person on whose behalf the forms will be completed, must be given to the person to retain and the nonlawyer must keep a copy in the person's file. The nonlawyer must also keep copies for at least 6 years of all forms given to the person being assisted.

### Special Notes . . .

This disclosure form does **NOT** act as or constitute a waiver, disclaimer, or limitation of liability.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
　　　　　　Petitioner,

and

_____,
　　　　　　Respondent.

# DISCLOSURE FROM NONLAWYER

*{Name}* _____ told me that he/she is a nonlawyer and may not give legal advice, cannot tell me what my rights or remedies are, cannot tell me how to testify in court, and cannot represent me in court.

Rule 10-2.1(b) of the Rules Regulating The Florida Bar defines a paralegal as a person who works under the supervision of a member of The Florida Bar and who performs specifically delegated substantive legal work for which a member of The Florida Bar is responsible. Only persons who meet the definition may call themselves paralegals. *{Name}*_____, informed me that he/she is not a paralegal as defined by the rule and cannot call himself/herself a paralegal.

*{Name}*_____, told me that he/she may only type the factual information provided by me in writing into the blanks on the form. Except for typing, *{name}*_____, may not tell me what to put in the form and may not complete the form for me. However, if using a form approved by the Supreme Court of Florida, *{name}*_____, may ask me factual questions to fill in the blanks on the form and may also tell me how to file the form.

*{Choose **one** only}*

_____　　I can read English.

_____　　I cannot read English, but this disclosure was read to me [fill in **both** blanks] by *{name}* _____ in *{language}* _____, which I understand.

Dated: _____

_____
Signature of Party

_____
Signature of **NONLAWYER**
Printed Name: _____
Name of Business: _____
Address: _____

_____
Telephone: _____

Florida Family Law Rules of Procedure Form 12.900(a), Disclosure from Nonlawyer (06/25)

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(b)
## NOTICE OF AND CONSENT TO LIMITED APPEARANCE (06/25)

### When should this form be used?

This form should be used to provide notice to the court and the other **attorney** or **party** when an attorney is making a limited appearance for which a client has consented under Florida Family Law Rule of Procedure 12.040(e).

This form should be typed or printed in black ink. After completing and signing this form, the attorney should **file** this document with the **clerk of the circuit court** in the county in which the action is pending and keep a copy for his or her records.

### What should I do next?

A copy of this form must be filed with the court and served on the other **party** or his or her **attorney**. The copy you are serving on the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

Instructions for Florida Family Law Rules of Procedure Form 12.900(b), Notice of and Consent to Limited Appearance (06/25)

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Where can I look for more information?

See Florida Family Law Rule of Procedure 12.040.

Instructions for Florida Family Law Rules of Procedure Form 12.900(b), Notice of and Consent to Limited Appearance (06/25)

2 of 2

– 9 –

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# NOTICE OF AND CONSENT TO LIMITED APPEARANCE

*{Attorney's name}* _____ files this Notice of Limited
Appearance on behalf of *{name}* _____, [choose **one** only]
(   ) Petitioner (   ) Respondent, for the following limited purpose(s).
[choose **all** that apply]:

1.  ____ The hearing set for *{date}* _____, at *{time}* _____on the
    issue(s) of *{specify}* _____.

2.  ____ To represent [check **one** only] (   ) Petitioner (   ) Respondent on the following issues throughout
    the proceeding(s) or matter(s):
    a.  ____ Parental responsibility.
    b.  ____ Time-sharing.
    c.  ____ Equitable distribution of marital assets and marital liabilities.
    d.  ____ Alimony.
    e.  ____ Child support.
    f.  ____ Mediation.
    g.  ____ Other *{specify}*: _____

    The clerk of the above-styled court is requested to enter this notice of record.

3.  The party noted above consents to this limited representation by counsel.

4.  Copies of all future court papers should be served on the undersigned attorney at the address listed
    and on the [choose **one** only] (   ) Petitioner (   ) Respondent at *{name, address, e-mail address(es),
    and telephone number}* _____
    _____

**I certify that a copy of this notice of limited appearance was: [check all used]   (   ) e-mailed (   ) mailed (   ) hand delivered to the person(s) listed below on** *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
E-mail Address(es): _____

_____
Signature of Attorney
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
E-mail Address(es): _____
Florida Bar Number: _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
E-mail Address(es): _____

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.900(d)
# TERMINATION OF LIMITED APPEARANCE (06/25)

## When should this form be used?

This form should be used by an **attorney** who is terminating a limited appearance for a client under Florida Family Law Rule of Procedure 12.040(e).

This form should be typed or printed in black ink. After completing this form, the attorney should sign this document and then **file** this document with the **clerk of the circuit court** in the county in which the action is pending. The attorney should keep a copy for his or her records.

## What should I do next?

A copy of this form must be filed with the court and served on the other **party** or his or her **attorney**. The copy you are serving on the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so**. If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration.** If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Where can I look for more information?

See Florida Family Law Rule of Procedure 12.040.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# TERMINATION OF LIMITED APPEARANCE

*{Attorney's name}* _____, files this Termination of Limited
Appearance on behalf of the [**check one** only] (   ) Petitioner (   ) Respondent, *{name}*, _____
_____, and certifies that the proceeding or matter is concluded.
The clerk of the above-styled court is requested to enter this Notice of Termination of Limited
Appearance of record. Copies of all future court papers should be served on the [**check one only**]
(   ) Petitioner (   ) Respondent at: *{name, address, e-mail address(es), and telephone number}*

_____
_____.

**I certify that a copy of this termination of limited appearance was: [check all used] (   ) e-mailed
(   ) mailed (   ) hand delivered to the person(s) listed below on *{date}* _____.**

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
E-mail Address(es): _____

**Client Party:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
E-mail Address(es): _____

_____
Signature of Attorney
Printed Name: _____
Address: _____
City, State, Zip: _____

Telephone Number: _____
E-mail Address(es): _____
Florida Bar Number: _____

- 15 -

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE
# FORM 12.900(e)
# ACKNOWLEDGMENT OF ASSISTANCE BY ATTORNEY
# (06/25)

## When should this form be used?

This form, when added to the signature page of any petition, pleading, or motion, should be filed with the court when an attorney not making a limited appearance under Florida Family Law Rule of Procedure 12.040(e) has assisted the petitioner or respondent in the preparation of the document. The petitioner or respondent should then sign the pleading and include his/her name and address.

## What should I do next?

A copy of this form must be filed with the court and served on the other party or his or her attorney. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

Instructions for Florida Family Law Rules of Procedure Form 12.900(e), Acknowledgment of Assistance by Attorney (06/25)                                                                                                          1 of 2

- 16 -

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Where can I get more information?

See the instructions to Florida Family Law Rules of Procedure Forms 12.900(b) and (d) and Rule 12.040. Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. For more information, see rule 12.080, Florida Family Law Rules of Procedure.

Instructions for Florida Family Law Rules of Procedure Form 12.900(e), Acknowledgment of Assistance by Attorney (06/25)                                                    2 of 2

– 17 –

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# ACKNOWLEDGMENT OF ASSISTANCE BY ATTORNEY

*{Name},* _____, **[check one only] (   ) Petitioner**
**(   ) Respondent, certifies that this document was prepared with the assistance of counsel.**

# CERTIFICATE OF SERVICE

I certify that a copy of this Acknowledgement of Assistance By Attorney was [**check all used**]: (   ) e-mailed
(   ) mailed (   ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
E-mail Address(es): _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
E-mail Address(es): _____

Florida Family Law Rules of Procedure Form 12.900(e), Acknowledgment of Assistance by Attorney (06/25)

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE
# FORM 12.900(g)
# AGREEMENT LIMITING REPRESENTATION
# (06/25)

## When should this form be used?

This form should be used as a "rider" or supplemental agreement, in addition to an Attorney-Client fee agreement, between the attorney and client when the attorney is making a limited appearance under Rules Regulating The Florida Bar 4-1.2(c), 4-4.2(b), and 4-4.3(b) and Florida Family Law Rule of Procedure 12.040(e).  A limited appearance means the attorney is not handling the whole case for the client, but is only being retained to do a specific part of the case. This form is not to be filed with the clerk of the court.

## Where can I look for more information?

See Rules Reg. Fla. Bar 4-1.2(c), 4-4.2(b), and 4-4.3(b) and Florida Family Law Rule of Procedure 12.040(e).



# AGREEMENT LIMITING REPRESENTATION

**(This agreement is supplemental to the Attorney-Client fee agreement and is limited to addressing the consequences of Limited Legal Representation by an attorney in Florida)**

TO THE CLIENT:  THIS IS A LEGALLY BINDING CONTRACT.  PLEASE READ IT CAREFULLY AND MAKE CERTAIN THAT YOU UNDERSTAND ALL OF THE TERMS AND CONDITIONS.  YOU MAY TAKE THIS CONTRACT HOME WITH YOU, REVIEW IT WITH ANOTHER ATTORNEY IF YOU WISH, AND ASK ANY QUESTIONS YOU MAY HAVE BEFORE SIGNING.

EMPLOYMENT OF AN ATTORNEY FOR LIMITED REPRESENTATION REQUIRES THAT THE ATTORNEY AND CLIENT CAREFULLY AND THOROUGHLY REVIEW THE DUTIES AND RESPONSIBILITIES EACH WILL ASSUME. ANY LIMITED REPRESENTATION AGREEMENT SHOULD DESCRIBE, IN DETAIL, THE ATTORNEY'S DUTIES IN THE CLIENT'S INDIVIDUAL CASE.

1.  **SERVICES/LIMITED SCOPE OF REPRESENTATION:** Client, *{name}* _____, employs Attorney,  *{name}*  _____  to  provide representation only in the limited proceeding(s) or matter(s) described as follows:
    _____
    _____
    _____

2.  **COMPLIANCE WITH CHAPTER 4 OF THE RULES REGULATING THE FLORIDA BAR:**  Although legal assistance is limited, an attorney-client relationship exists, and the client is entitled to the standards of professional responsibility established by Chapter 4 of the Rules Regulating the Florida Bar, including confidentiality, competence, and diligence.

3.  **COMPLIANCE WITH FLORIDA FAMILY LAW RULE OF PROCEDURE 12.040:**  An Attorney hired to provide limited representation in court must comply with Florida Family Law Rule of Procedure 12.040, as follows:
    a.  The attorney will file with the court a Notice of Limited Appearance, Florida Family Law Rules of Procedure Form 12.900(b), signed by the client, specifically limiting the attorney's appearance to the particular proceeding or matter in which the attorney appears.
    b.  If the attorney seeks to withdraw from representation before the conclusion of a limited appearance, the attorney must:
        (1)  File a motion with the court setting forth the reasons and serve that motion on the client and interested persons, and
        (2)  Obtain approval of the court.
    c.  At the conclusion of the proceeding or matter, the attorney's role terminates without the necessity of leave of court, on the attorney filing Termination of Limited Appearance, Florida Family Law Rules of Procedure Form 12.900(d). The notice shall include the names and last known addresses of the person(s) represented by the withdrawing attorney.
    d.  THE CLIENT IS ADVISED THAT ANY OBJECTION TO THE ATTORNEY'S "TERMINATION OF LIMITED APPEARANCE" MUST BE MADE IN WRITING BY THE CLIENT BY PROVIDING THE COURT, THE ATTORNEY, AND EACH OTHER INTERESTED PERSON (OR THEIR ATTORNEY) A COPY AND FILING THE ORIGINAL WITH THE CLERK OF COURT
    e.  Representation regarding any other matter or proceeding requires a separate Notice of Limited

Appearance and must comply with Florida Family Law Rule of Procedure 12.040.

4. **ADDITIONAL SERVICES/REPRESENTATION:** The attorney and client may later determine that the attorney should provide additional limited services or assume full representation. The attorney may decline to provide additional services.
   a. If the attorney agrees to provide additional services, those additional services should be specifically listed in an amendment to this agreement, signed and dated by both the attorney and the client.
   b. If the attorney and client agree that the attorney shall serve as the client's attorney of record on all matters related to handling the client's case, the client and the attorney should indicate that agreement in an amendment to this agreement, signed and dated by both the attorney and the client.
   c. In either case, additional compliance with the notice requirement of Rule 12.040 will be required by the attorney.
   d. THE ATTORNEY AND THE CLIENT SHOULD NOT RELY ON VERBAL DISCUSSIONS OR VERBAL AGREEMENTS WHEN CHANGING THE TERMS OF THE ATTORNEY'S RESPONSIBILITY FOR REPRESENTATION.

5. **ATTORNEYS' FEES AND COURT COSTS:** The attorney and the client have made a separate agreement in writing as to payment of attorneys' fees and all costs associated with the case and the attorney's representation.

BY SIGNING THIS AGREEMENT YOU ACKNOWLEDGE THAT YOU HAVE CAREFULLY READ AND FULLY UNDERSTAND ALL OF THE FOREGOING TERMS, AND YOU INTEND TO BE LEGALLY BOUND BY THEM.


_____          _____
Attorney                                     Client

Name: _____                Name: _____
Address: _____               Address: _____
City, State, Zip: _____              City, State, Zip: _____
Telephone Number: _____               Telephone Number: _____
E-mail Address(es): _____              E-mail Address(es): _____
Florida Bar Number: _____

Date: _____                Date: _____

I HAVE BEEN PROVIDED A FULLY EXECUTED COPY OF THIS AGREEMENT LIMITING REPRESENTATION.


_____
Client

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.901(a)
## JOINT PETITION FOR SIMPLIFIED DISSOLUTION OF MARRIAGE
## (06/25)

### When should this form be used?

This form should be used when a married couple is filing for a simplified **dissolution of marriage**. You or your **spouse** must have lived in Florida for at least 6 months before filing for a dissolution in Florida. You may file a simplified dissolution of marriage in Florida if **all** of the following are true.

- You and your spouse agree that the marriage cannot be saved.
- You and your spouse have no minor or dependent child(ren) together, the wife does not have any minor or dependent children born during the marriage, and the wife is not now pregnant.
- You and your spouse have worked out how the two of you will divide the things that you both own (your **assets**) and who will pay what part of the money you both owe (your **liabilities**), and you both agree with this division.
- You and your spouse are not seeking support (**alimony**) from the other.
- You and your spouse are willing to give up your right to **trial** and **appeal**.
- You and your spouse have both signed the petition.
- You and your spouse are both willing to attend the **final hearing** (at the same time).

If you do not meet all of the criteria above, you must file a regular **petition** for dissolution of marriage.

This petition should be typed or printed in black ink. Each of you must sign the petition.

### What should I do next?

1. After completing this form, you should **file** it with the **clerk of the circuit court** in the county where you live and keep a copy for your records.

   You may document your agreement by signing a **Marital Settlement Agreement,** Florida Family Law Rules of Procedure Form 12.902(f)(3) and filing it with the **clerk of the circuit court** or you may agree that all of your assets (what you own) and liabilities (what you owe) have been disposed of by oral agreement.

2. You must prove to the court that either party has lived in Florida for more than 6 months before filing the petition for simplified dissolution of marriage. Residence can be proven by

Instructions for Florida Family Law Rules of Procedure Form 12.901(a), Joint Petition for Simplified Dissolution of Marriage (06/25)
1 of 3

- 22 -

- a valid Florida driver's license, Florida identification card, or voter registration card issued to one of you at least 6 months prior to filing for dissolution of marriage;
- the testimony of another person who knows that either you or your spouse has resided in Florida for more than 6 months and is available to testify in court; or
- an **affidavit**. To prove residence by affidavit, use an **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i).  This form must be signed by a person who knows that either you or your spouse has lived in Florida for more than 6 months before the date that you filed the petition for simplified dissolution of marriage. This affidavit may be signed in the presence of the clerk of the court or in the presence of a **notary public**, who must affix his or her seal at the proper place on the affidavit.

3. You must pay the appropriate **filing fees** to the clerk of the circuit court. If you and your spouse cannot afford to pay the filing fees, you may fill out an **Application for Determination of Civil Indigent Status**, and file it with your petition for dissolution of marriage.  You may obtain this form from the clerk and the clerk will determine whether you are eligible to have filing fees waived.

4. You will need to complete a **Family Court Cover Sheet**, Florida Family Law Rules of Procedure Form 12.928.  The clerk's office can provide this form to you.

5. Depending on your jurisdiction, you may either obtain a date and time for a final hearing with the court from the clerk of court, or a date and time will be provided to you by the court.  On that date, **you and your spouse must attend the simplified dissolution of marriage final hearing**.  Depending on your jurisdiction, you will either complete a **Final Judgment of Simplified Dissolution of Marriage**, Florida Family Law Rules of Procedure Form 12.990(a), and bring it with you to the hearing, or the court will prepare it at the hearing. At that time, if all of the papers are in order, the court may grant a final judgment dissolving your marriage under the simplified dissolution of marriage procedures by signing the final judgment.

6. **If you fail to complete this procedure, the court may dismiss the case.**

### Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  The words that are in **"bold and underlined"** in these instructions are defined there.  For further information, see chapter 61, Florida Statutes, and Rule 12.105, Florida Family Law Rules of Procedure.

Instructions for Florida Family Law Rules of Procedure Form 12.901(a), Joint Petition for Simplified Dissolution of Marriage (06/25)                                                                                                          2 of 3

- 23 -

## Special notes . . .

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before helping you. A nonlawyer helping you fill out these forms also **must** put their name, address, and telephone number on the bottom of the last page of every form they help you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.901(a), Joint Petition for Simplified Dissolution of Marriage (06/25)                                                                                                            3 of 3

- 24 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

In re the Marriage of:

Case No.: _____

Division: _____

_____,
Petitioner,
and
_____,
Respondent.

## JOINT PETITION FOR SIMPLIFIED DISSOLUTION OF MARRIAGE

We, *{full legal name}*_____, Petitioner,

and *{full legal name}* _____, Respondent,
being sworn, certify that the following information is true:
[fill in **all** blanks]

1. We are both asking the Court for a dissolution of our marriage.

2. Petitioner lives in *{name}* _____ County, *{state}* _____, and has lived

   there since *{date}* _____. Respondent lives in *{name}* _____

   County, *{state}* _____, and has lived there since *{date}* _____.

3. We were married to each other on *{date}*_____ in the city of *{city}* _____

   in state of *{state}* _____, or country of *{country}* _____.

4. Our marriage is irretrievably broken.

5. We do not have any minor or dependent children together, the wife does not have any

   minor or dependent children born during the marriage, **and** the wife is not pregnant.

6. We have divided our assets (what we own) and our liabilities (what we owe) by agreement.

   We are satisfied with this agreement.

   *{Check **one** only}*

   (   ) Our marital settlement agreement, Florida Family Law Rules of Procedure Form

   12.902(f)(3), is attached.  This agreement was signed freely and voluntarily by each of us

   and we intend to be bound by it.

   (   ) Our marital settlement agreement is not in writing.  {Check only one}

(   ) Our Financial Affidavits are being filed with this Joint Petition for Simplified Dissolution of Marriage pursuant to Rule 12.285.

(   ) We have executed the Florida Family Law Form 12.902(k), Notice of Joint Verified Waiver of Filing Financial Affidavits, pursuant to Rule 12.285.

7.  {*Check all that apply*}  (   ) Petitioner wants to be known by the Petitioner's former name, which was {*full legal name*}_____.

(   ) Respondent wants to be known by the Respondent's former name, which was {*full legal name*}_____.

8.  We each certify that we have not been threatened or pressured into signing this petition. We each understand that the result of signing this petition may be a final judgment ending our marriage and allowing no further relief.

9.  We each understand that **we both must come to the hearing** to testify about the things we are asking for in this petition.

10. We understand that we each may have legal rights as a result of our marriage and that by signing this petition, we may be giving up those rights.

11. We ask the Court to end our marriage and approve our marital settlement agreement if filed therein.

**Under penalties of perjury, I declare that I have read this document and the facts stated in it are true.**

Dated: _____

_____
Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
E-mail Address(es):_____

**Under penalties of perjury, I declare that I have read this document and the facts stated in it are true.**

Dated: _____

_____
Signature of Respondent

Florida Family Law Rules of Procedure Form 12.901(a), Joint Petition for Simplified Dissolution of Marriage (06/25)

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

E-mail Address(es):_____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, THE NONLAWYER MUST FILL IN THE BLANKS BELOW:** [fill in **all** blanks]

This form was prepared for: [*choose **one or both***] (    ) Petitioner (    ) Respondent

This form was completed with the assistance of:

*{name of individual}* _____

*{name of business}* _____

*{address}* _____

*{city}* _____, *{state}*_____, *{telephone number}*_____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.902(c)
## FAMILY LAW FINANCIAL AFFIDAVIT (LONG FORM)
## (06/25)

### When should this form be used?

This form should be used when you are involved in a family law case which requires a **financial affidavit and your individual gross income is $50,000 OR MORE per year** unless:

(1) You are filing a simplified dissolution of marriage under rule 12.105 and both parties have waived the filing of financial affidavits;

(2) you have no minor children, no support issues, and have filed a written settlement agreement disposing of all financial issues; or

(3) the court lacks jurisdiction to determine any financial issues.

This form should be typed or printed in black ink. After completing this form, you should sign the form. You should then **file** this document with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records.

### What should I do next?

A copy of this form must be served on the other **party**, or the part's attorney if the party is represented, in your case within 45 days of being served with the petition, if it is not served on him or her with your initial papers. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

A copy of this form must be filed with the court and served on the other party or his or her attorney. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service.

### Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see Florida Family Law Rule of Procedure 12.285.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

Instructions for Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (06/25)                                                                     1 of 3

- 28 -

# IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Special notes . . .

If you want to keep your address confidential because you have been found by a judge to be the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence do not enter the address and telephone information at the bottom of this form.  Instead, file **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

The affidavit must be completed using **monthly** income and expense amounts.  If you are paid or your bills are due on a schedule which is not monthly, you must convert those to monthly amounts.  Hints are provided below for making these conversions.

Instructions for Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (06/25)                                                                                      2 of 3

- 29 -

**Hourly** - If you are paid by the hour, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Hourly amount | x | Hours worked per week | = | Weekly amount |
| Weekly amount | x | 52 Weeks per year | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Daily** - If you are paid by the day, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Daily amount | x | Days worked per week | = | Weekly amount |
| Weekly amount | x | 52 Weeks per year | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Weekly** - If you are paid by the week, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Weekly amount | x | 52 Weeks per year | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Bi-weekly** - If you are paid every two weeks, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Bi-weekly amount | x | 26 | = | Yearly amount |
| Yearly amount | ÷ | 12 Months per year | = | **Monthly Amount** |

**Semi-monthly** - If you are paid twice per month, you may convert your income to monthly as follows:

| | | | | |
|---|---|---|---|---|
| Semi-monthly amount | x | 2 | = | **Monthly Amount** |

Expenses may be converted in the same manner.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (06/25)                                    3 of 3

- 30 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# FAMILY LAW FINANCIAL AFFIDAVIT (LONG FORM)

($50,000 or more Individual Gross Annual Income)

I, *{full legal name}* _____, being sworn, certify that the following information is true:

| SECTION I.  INCOME |
|---|

1. My age is: _____

2. My occupation is: _____

3. I am currently

   *[Check **all** that apply]*

   a.____ Unemployed
   Describe why you are unemployed, your efforts to find employment, how soon you expect to be employed, the pay you expect to receive, and your highest gross earned income in the past five years: _____ _____

   _____

   b.____ Employed by: _____

   Address: _____

   City, State, Zip code: _____ Telephone Number: _____

   Pay rate: $ _____ (   ) every week (   ) every other week (   ) twice a month

   (   ) monthly (   ) other: _____

   If you are expecting to become unemployed or change jobs soon, explain why, describe the change you expect, and explain why and how it will affect your income:

   _____

   _____

   _____

_____ Check here if you currently have more than one job. List the information above for the second job(s) on a separate sheet and attach it to this affidavit.

c._____ Retired.  Date of retirement: _____

Employer from whom retired: _____

Address: _____

City, State, Zip code: _____ Telephone Number: _____

If you have an anticipated retirement date, please provide the date: _____
_____ Check here if you are in or planning to enter the DROP program or any other deferred compensation plan or anticipated retirement plan.

| **LAST YEAR'S GROSS INCOME:** | Your Income | Other Party's Income *(if known)* |
|---|---|---|
| YEAR _____ | $ _____ | $ _____ |

**PRESENT MONTHLY GROSS INCOME:**

**All amounts must be MONTHLY.**  See the instructions with this form to figure out money amounts for anything that is NOT paid monthly.  Attach more paper, if needed.  Items included under "other" should be listed separately with separate dollar amounts.

1. $_____ Gross salary or wages
2. _____ Bonuses, commissions, allowances, overtime, tips, and similar payments
3. _____ Business income from sources such as self-employment, partnerships, close corporations, and/or independent contracts (Gross receipts minus ordinary and necessary expenses required to produce income.) **(Attach sheet itemizing such income and expenses.)**
4. _____ Disability benefits/SSI for you
5. _____ Workers' compensation
6. _____ Reemployment assistance
7. _____ Pension, retirement, or annuity payments
8. _____ Social Security benefits
9. _____ Alimony actually received (Add 9a and 9b)
    9a.  From this case: _____
    9b.  From other case(s): _____
10. _____ Interest and dividends
11. _____ Rental income (gross receipts minus ordinary and necessary expenses required to produce income) **(Attach sheet itemizing such income and expenses for each property.)**
12. _____ Income from royalties, trusts, or estates
13. _____ Reimbursed expenses and in-kind payments to the extent that they reduce personal living expenses **(Attach sheet itemizing such income and expenses.)**
14. _____ Gains derived from dealing in property (not including nonrecurring gains)
    _____ Any other income of a recurring nature (identify source):
15. _____
16. _____
17. $_____ **TOTAL PRESENT MONTHLY GROSS INCOME** (Add lines 1 through 16).

**PRESENT MONTHLY DEDUCTIONS:**
**All amounts must be MONTHLY.** See the instructions with this form to figure out money amounts for anything that is NOT paid monthly.

18. $_____ Federal, state, and local income tax (corrected for filing status and allowable dependents and income tax liabilities)

    18a. Filing Status _____

    18b. Number of dependents claimed _____

19. _____ FICA or self-employment taxes

20. _____ Medicare payments

21. _____ Mandatory union dues

22. _____ Mandatory retirement payments

23. _____ Health insurance payments for you only (including medical, dental, and vision), excluding portion paid for any third party or minor children of this relationship

24. _____ Court-ordered child support actually paid for children from another relationship

25. _____ Court-ordered alimony actually paid (Add 25a and 25b)

    25a. From this case: _____

    25b. From other case(s): _____

26. **$_____ TOTAL DEDUCTIONS ALLOWABLE UNDER SECTION 61.30, FLORIDA STATUTES**
    (Add lines 18 through 25).

27. **$_____ PRESENT NET MONTHLY INCOME**
    (Subtract line 26 from line 17).

---

### SECTION II.  AVERAGE MONTHLY EXPENSES

**Expenses.** If your expenses as listed below do not reflect what you actually pay currently, you should write "estimate" next to each amount that is estimated.

**PRIMARY HOUSEHOLD:**
List the number of additional households for which you incur expenses:
(If more than one household, please identify the household for which the listed expenses are incurred and attach a separate sheet listing expenses for each additional household.

1. $_____ Mortgage or rent payments
2. _____ Property taxes (if not included in mortgage)
3. _____ Insurance on residence (if not included in mortgage)
4. _____ Condominium maintenance fees and homeowner's association fees
5. _____ Electricity
6. _____ Water, garbage, and sewer
7. _____ Telephone
8. _____ Fuel oil or natural gas
9. _____ Repairs and maintenance
10. _____ Lawn care
11. _____ Pool maintenance
12. _____ Pest control
13. _____ Misc. household
14. _____ Food and home supplies
15. _____ Meals outside home
16. _____ Cable t.v./internet

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (06/25)

17. _____ Subscription streaming services
18. _____ Alarm service contract
19. _____ Service contracts on appliances
20. _____ Housekeeping service
21. _____ Communication technology/remote working subscriptions
Other:
22. _____
23. _____
24. _____
25. _____
26. _____
27. **$_____ SUBTOTAL** (add lines 1 through 26).

**AUTOMOBILES:**
List the number of automobiles for which you incur expenses: \_\_\_\_\_.
28. $_____ Gasoline and oil
29. _____ Electric car charging (outside of the home)
30. _____ Repairs
31. _____ Auto tags
32. _____ Insurance
33. _____ Payments (lease or financing)
34. _____ Rental
35. _____ Alternative transportation (bus, rail, carpool, taxi, ridesharing, etc.)
36. _____ Tolls and parking
37. _____ Automobile subscriptions and roadside services
38. _____ Other: _____
39. **$_____ SUBTOTAL** (add lines 28 through 35)

**MONTHLY EXPENSES FOR MINOR OR DEPENDENT CHILDREN COMMON TO BOTH PARTIES:**
List the number of minor or dependent children as defined in Section 743.07 (2), Florida Statutes common to both parties: _____.
40. $_____ Childcare
41. _____ School tuition
42. _____ School supplies, books, and fees
43. _____ Extracurricular activities
44. _____ School uniforms
45. _____ Lunch money
46. _____ Private lessons or tutoring
47. _____ Allowances
48. _____ Clothing
49. _____ Entertainment (movies, parties, video games etc.)
50. _____ Health insurance (including dental and vision)
51. _____ Medical, dental, prescriptions (nonreimbursed only)
52. _____ Psychiatric/psychological/counselor
53. _____ Orthodontic
54. _____ Grooming
55. _____ Nonprescription medications, supplements, and vitamins

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (06/25)

56. _____ Cosmetics, toiletries, and sundries
57. _____ Gifts from child(ren) to others (other children, relatives, teachers, etc.)
58. _____ Camp or summer activities
59. _____ Clubs (Boy/Girl Scouts, etc.)
60. _____ Cost required to exercise time-sharing (supervised visitation, travel and lodging expenses, etc.)
61. _____ Religious training
62. _____ Remote learning
63. _____ Subscription service (if not listed on line 17 above)
64. _____ Other
65. $_____ **SUBTOTAL** (add lines 40 through 64)

**MONTHLY EXPENSES FOR MINOR OR DEPENDENT CHILD(REN) FROM ANOTHER RELATIONSHIP**
List the number of minor or dependent children as defined in Florida Statutes Section 743.07 (2) from another relationship: _____.

(other than court-ordered child support)
66. $_____
67. _____
68. _____
69. _____
70. $_____ **SUBTOTAL** (add lines 66 through 69)

**MONTHLY INSURANCE:**
71. $_____ Health insurance (if not listed on lines 23 of deductions or 50 of expenses)
72. _____ Life insurance
73. _____ Dental insurance (if not listed on lines 23 of deductions or 50 of expenses)
74. _____ Vision insurance (if not listed on lines 23 of deductions or 50 of expenses)
75. _____ Long term care insurance
76. _____ Disability insurance
   Other:
77. _____
78. _____
79. $_____ **SUBTOTAL** (add lines 71 through 78)

**OTHER MONTHLY EXPENSES NOT LISTED ABOVE:**
80. $_____ Dry cleaning and laundry
81. _____ Clothing
82. _____ Medical, dental, and prescription (unreimbursed only)
83. _____ Psychiatric, psychological, or counselor (unreimbursed only)
84. _____ Non-prescription medications, cosmetics, toiletries, and sundries
85. _____ Grooming
86. _____ Gifts
87. _____ Pet care
88. _____ Club dues and membership
89. _____ Sports and hobbies
90. _____ Entertainment

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (06/25)

91. _____ Periodicals/books/other subscription service
92. _____ Charitable donations
93. _____ Gambling and lottery
94. _____ Tobacco, alcohol, and vaping
95. _____ Attorney fees and court costs
    95a. _____ Related to this case
    95b. _____ Other
96. _____ Professional training fees (unreimbursed only)
97. _____ Vacations
98. _____ Religious organizations
99. _____ Bank charges/credit card fees
100. _____ Education expenses (unreimbursed only)
101. _____ Other: (include any regular and recurring expenses not otherwise mentioned in the items listed above) _____
102. _____
103. _____
104. _____
105. **$_____ SUBTOTAL** (add lines 80 through 104)

**MONTHLY PAYMENTS TO CREDITORS:**
List only when payments are currently made by you on outstanding balances and not listed elsewhere on this affidavit.  For student loans listed below, list **each** student loan together with its date of origination.  List only last 4 digits of account numbers.
MONTHLY PAYMENT AND NAME OF CREDITOR(s):
106. $_____
107. _____
108. _____
109. _____
110. _____
111. _____
112. _____
113. _____
114. _____
115. _____
116. _____
117. _____
118. _____
119. **$_____ SUBTOTAL** (add lines 106 through 118)
120. **$_____ TOTAL MONTHLY EXPENSES:**
    (add lines 27, 39, 65, 70, 79, 105, and 119 of Section II, Expenses)

**SUMMARY**
121. **$_____ TOTAL PRESENT MONTHLY NET INCOME** (from line 27 of SECTION I.  INCOME)
122. **$_____ TOTAL MONTHLY EXPENSES** (from line 120 above)
123. **$_____ SURPLUS** (If line 121 is more than line 122, subtract line 122 from line 121.  This is the amount of your surplus.  Enter that amount here.)
124. **($_____) (DEFICIT)** (If line 122 is more than line 121, subtract line 121 from line 122.  This is the amount of your deficit.  Enter that amount here.)

| SECTION III. ASSETS AND LIABILITIES |
|---|

**A. ASSETS**

If you have an equitable distribution schedule or balance sheet that includes the information below, you may attach the document instead of filling out Section III**.**

**INSTRUCTIONS:**

**STEP 1: Describe the Asset. In column A,** list a description of each separate item owned by you (or your spouse, if this is an original action for dissolution). Include items held in a revocable trust. List only the last 4 digits of account numbers. Blank spaces are provided if you need to list more than one of a certain type of asset. If you need to list more assets than blank spaces provided, please attach a separate sheet listing additional assets.

**STEP 2: Select Assets. (Initial Dissolution Matter ONLY)** If this is an original action for dissolution, check the box to the left of the description **in column A** next to any asset that you are requesting the judge award to you. **Disregard this step in all other domestic relations matters and proceed to step 4.**

**STEP 3: State the Value of Marital Assets and Non-Marital Assets (Initial Dissolution Matter ONLY)** If this is an original action for dissolution, **in column B,** place the current fair market value of all marital assets. If you believe that the asset described in column A is your non-marital asset, write what you believe its fair market value to be in column C under "Petitioner" if you are the Petitioner, or under "Respondent" if you are the Respondent. If the asset has a marital and non-marital component, write what you believe the fair market value of the marital portion is in column B and what you believe the fair market value of the non-marital portion is in the appropriate column in column C. The total of column B and column C must equal the asset value on the appropriate valuation date. Disregard this step in all other domestic relation matters and proceed to step 4.

**STEP 4: State the Value of Non-marital Assets. (OTHER THAN Initial Dissolution Matters ONLY)** If this is a matter OTHER THAN an original dissolution, write what you believe the fair market value to be in column C under Petitioner if you are the Petitioner, or under Respondent if you are the Respondent. **DO NOT USE COLUMN B in any domestic relations matter that is NOT an original dissolution; use only column C.** See the **"General Information for Self-Represented Litigants"** found at the beginning of these forms and section 61.075(1), Florida Statutes, for definitions of "marital" and "nonmarital" assets and liabilities.

| A<br>ASSETS: DESCRIPTION OF ITEM(S)<br><br>LIST ONLY LAST FOUR DIGITS OF ACCOUNT NUMBERS.<br>Check the box on the left in column A next to any asset(s)<br>which you are requesting be awarded to you. | | B<br>Marital<br>Assets –<br>Current<br>Fair<br>Market<br>Value | C<br>Nonmarital Assets –<br>Current Fair Market Value | |
|---|---|---|---|---|
| | | | **Petitioner** | **Respondent** |
| **Requesting to be Awarded** | | **Title Owner** | | |
| | Cash (on hand) | | $ | |
| | Cash (in banks and credit unions, including checking, savings and money market accounts, certificates of deposit, and in safe deposit boxes) | | | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | Cash (in digital wallets, including but not limited to Venmo, Apple Wallet, and PayPal) | | | | |
| | | | | | |
| | | | | | |
| | Virtual currency and cryptocurrency (attach a schedule that shows number of units held of virtual currency or cryptocurrency and unit value at time of preparation of this form) | | | | |
| | | | | | |
| | | | | | |
| | Non-Fungible Tokens (NFT) and the like | | | | |
| | | | | | |
| | Stocks/Bonds, investment/brokerage accounts | | | | |
| | | | | | |
| | | | | | |
| | Notes (money owed to you in writing) | | | | |
| | | | | | |
| | | | | | |
| | Money owed to you (not evidenced by a note) | | | | |
| | | | | | |
| | | | | | |
| | Real estate: (Home) | | | | |
| | Real estate (Other) | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Florida Family Law Rules of Procedure Form 12.902(c), Family Law Financial Affidavit (Long Form) (06/25)

| | | | | |
|---|---|---|---|---|
| | Business interests (also indicate % of ownership interest next to each entity listed) | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | Automobiles | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | Boats | | | | |
| | | | | | |
| | | | | | |
| | Other vehicles | | | | |
| | | | | | |
| | | | | | |
| | Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | Furniture & furnishings in home | | | | |
| | | | | | |
| | Furniture & furnishings elsewhere | | | | |
| | | | | | |
| | Collectibles and commodities (including but not limited to cards, precious metals, coins, stamps, and art) | | | | |
| | | | | | |
| | Jewelry | | | | |
| | | | | | |
| | Life insurance (cash surrender value) | | | | |
| | | | | | |
| | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| | Sporting, hobby, and entertainment (T.V., stereo, etc.) equipment | | | | |
| | Tools | | | | |
| | Firearms and ammunition | | | | |
| | | | | | |
| | | | | | |
| | Judgments (owed to you) | | | | |
| | | | | | |
| | | | | | |
| | Patents, trademarks, copyrights | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | Other assets: | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| **Total Fair Market Value of Marital Assets** (add column B) | | $ | | | |
| **Total Fair Market Value of Nonmarital Assets** (add column C) | | $ | | | |

### B. LIABILITIES/DEBTS

**INSTRUCTIONS:**

<u>STEP 1</u>**: Describe the Liability/Debt. In column A**, list a description of each separate debt owed by you (or your spouse, if this is an original action for dissolution) and identify the title owner/obligor of the debt. List only the last 4 digits of account numbers. Blank spaces are provided if you need to list more than one of a certain type of debt. If you need to list more debts than blank spaces provided, please attach a separate sheet listing additional debts.

<u>STEP 2</u>**: Select Debts (Initial Dissolution Matter ONLY).** If this is an original action for dissolution, check the box to the left of the description **in column A** next to any debt(s) for which you believe you should be responsible. **Disregard this step in all other domestic relations matters and proceed to step 4.**

**STEP 3: State the Value of Marital Debts and Non-Marital Debts (Initial Dissolution Matter ONLY).** If this is an original action for dissolution, in **column B,** write what you believe the current amount owed for each marital debts listed.

If you believe that the debt described in column A is a non-marital debt, write what you believe the current amount owed is in column C under Petitioner if you believe the Petitioner should be responsible for the debt, or under Respondent if you believe the Respondent should be responsible for the debt.

If the debt has a marital and non-marital component, write what you believe the current amount owed of the marital portion is in column B and what you believe the current amount owed of the non-marital portion in the appropriate column in column C. The total of column B and column C must equal the total debt value on the appropriate valuation date. **Disregard this step in all other domestic relations matters and proceed to step 4.**

**STEP 4: State Value of Non-Marital Debts (OTHER THAN Initial Dissolution Matters ONLY).** If this is a matter OTHER THAN an original dissolution, write what you believe the current amount owed to be in column C under Petitioner, if you are the Petitioner or under Respondent, if you are the Respondent. **DO NOT USE COLUMN B in any domestic relations matter that is NOT an original dissolution; use only column C.** See the **"General Information for Self-Represented Litigants"** found at the beginning of these forms and section 61.075(1), Florida Statutes, for definitions of "marital" and "nonmarital" assets and liabilities.

| A LIABILITIES: DESCRIPTION OF ITEM(S) LIST ONLY LAST FOUR DIGITS OF ACCOUNT NUMBERS. Check the box on the left of column A next to any debt(s) for which you believe you should be responsible. | | | | B Marital Liabilities – Current Amount Owed | C Nonmarital Liabilities – Current Amount Owed | |
|---|---|---|---|---|---|---|
| | | | | | Petitioner | Respondent |
| Requesting to be Responsible for | | Debtor/ Obligor/ Title Holder | Creditor | | | |
| | Mortgages on real estate | | | $ | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | Charge/credit card accounts | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| | Student loans (list each loan individually) | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | Medical liabilities | | | | |
| | | | | | |
| | | | | | |
| | Auto loans | | | | |
| | | | | | |
| | | | | | |
| | Bank/Credit Union loans | | | | |
| | | | | | |
| | Tax liabilities | | | | |
| | | | | | |
| | Notes (money you owe in writing) | | | | |
| | | | | | |
| | Money you owe (not evidenced by a note) | | | | |
| | | | | | |
| | Judgments (against you) | | | | |
| | | | | | |
| | | | | | |
| | Other liabilities: | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| **Total Amount Owed on Marital Liabilities** (add column B) | | | $ | | |
| **Total Amount Owed on Nonmarital Liabilities** (add column C) | | | $ | | |

**C. NET WORTH (excluding contingent assets and liabilities)**

$_____**Total Assets** (enter total of Column B in Asset Table; Section A)

$_____**Total Liabilities** (enter total of Column B in Liabilities Table; Section B)

$_____**TOTAL NET WORTH (Total Assets minus Total Liabilities)**
(excluding contingent assets and liabilities)

**D. CONTINGENT ASSETS AND LIABILITIES**
**INSTRUCTIONS:**

If you have any **POSSIBLE assets** (possible lawsuits, income potential, accrued vacation or sick leave, bonus, inheritance, etc.) or **POSSIBLE liabilities** (possible lawsuits, future unpaid taxes, contingent tax liabilities, debts assumed by another), you must list them here.

| A<br>Contingent Assets<br><br>**Check the box in column A next to any contingent asset(s) which you are requesting the court assign to you.** | | B<br>Marital Contingent Assets –<br>Possible Value | C<br>Nonmarital Contingent Assets –<br>Possible Value | |
| --- | --- | --- | --- | --- |
| | | | Petitioner | Respondent |
| **Requesting to be Awarded** | **Title Owner** | $ | | |
| | Stock Options | | | |
| | Other | | | |
| | | | | |
| | | | | |
| **Total Possible Value of Marital Contingent Assets** (add column B) | | $ | | |
| **Total Possible Value of Nonmarital Contingent Assets** (add column C) | | $ | | |

| A<br>Contingent Liabilities<br><br>Check the box in column A next to any contingent debt(s) for which you believe you should be responsible. | | | | B<br>Marital Contingent Liabilities – Possible Amount Owed | C<br>Nonmarital Contingent Liabilities – Possible Amount Owed | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | | Petitioner | Respondent |
| Requesting to be Responsible For | | Debtor/ Obligor / Title Holder | Creditor | $ | $ | $ |
| | | | | | | |
| | | | | | | |
| | Attorney Fees | | | | | |
| | | | | | | |
| Total Possible Amount Owed on Contingent Liabilities | | | | $ | $ | $ |

E. **CHILD SUPPORT GUIDELINES WORKSHEET.** Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet, MUST be filed with the court at or prior to a hearing to establish or modify child support. This requirement cannot be waived by the parties.     [Check **one** only]

_____**A Child Support Guidelines Worksheet IS or WILL BE filed in this case.** This case involves the establishment or modification of child support.

_____**A Child Support Guidelines Worksheet IS NOT being filed in this case.** The establishment or modification of child support is not an issue in this case.

**I certify that a copy of this financial affidavit was [check all used]: (   ) e-mailed, (   ) mailed, (   ) hand delivered to the person(s) listed below on** *{date}* **_____.**

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
E-mail Address(es): _____

**Under penalties of perjury, I declare that I have read this document and the facts stated in it are true.**

Dated: _____       _____
                                      Signature of Party
                                      Printed Name: _____
                                      Address: _____
                                      City, State, Zip: _____
                                      E-mail Address(es): _____



**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.902(e)
## CHILD SUPPORT GUIDELINES WORKSHEET (06/25)

### When should this form be used?

You should complete this worksheet if **child support** is being requested in your case. If you know the income of the other **party**, this worksheet should accompany your **financial affidavit**. If you do not know the other party's income, this form must be completed after the other party files his or her financial affidavit, and **serves** a copy on you.

This form should be typed or printed in black ink. You should file this document with the **clerk of the circuit court** in the county where your case is filed and keep a copy for your records.

### What should I do next?

A copy of this form must be filed with the court and served on the other party or his or her attorney. The copy you are serving to the other party must be either mailed, emailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold and underlined"** in these instructions are defined there. For further information, see section 61.30, Florida Statutes.

## Special notes . . .

If you want to keep your address confidential because you have been found by a court to be the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery or domestic violence, do not enter the address and telephone information at the bottom of this form. Instead, file **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

The chart below contains the guideline amounts that you should use when calculating child support. This amount is based on the number of children and the combined income of the parents, and it is divided between the parents in direct proportion to their income or earning capacity. From time to time, some of the amounts in the child support guidelines chart will change. Be sure you have the most recent version of the chart before using it.

If the parties' combined monthly net income is not listed on the below chart, then calculate child support as provided by law in section 61.30(6), Florida Statutes.

Because the guidelines are based on monthly amounts, it may be necessary to convert some income and expense figures from other frequencies to monthly. You should do this as follows:

| | | | | | |
|---|---|---|---|---|---|
| **If payment is twice per month** | Payment amount | x | 2 | = | **Monthly amount** |
| **If payment is every two weeks** | Payment amount | x | 26 | = | Yearly amount due |
| | Yearly amount | ÷ | 12 | = | **Monthly amount** |
| **If payment is weekly** | Weekly amount | x | 52 | = | Yearly amount due |
| | Yearly amount | ÷ | 12 | = | **Monthly amount** |

Instructions for Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet (06/25)

If you or the other parent request that the court award an amount that is different than the guideline amount, you must also complete and attach a **Motion to Deviate from Child Support Guidelines**, Florida Supreme Court Approved Family Law Form 12.943.

Remember, a person who is NOT an attorney is called a nonlawyer.  If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

# CHILD SUPPORT GUIDELINES CHART

| Combined Monthly Available Income | One Child | Two Children | Three Children | Four Children | Five Children | Six Children |
|---|---|---|---|---|---|---|
| 800.00 | 190 | 211 | 213 | 216 | 218 | 220 |
| 850.00 | 202 | 257 | 259 | 262 | 265 | 268 |
| 900.00 | 213 | 302 | 305 | 309 | 312 | 315 |
| 950.00 | 224 | 347 | 351 | 355 | 359 | 363 |
| 1000.00 | 235 | 365 | 397 | 402 | 406 | 410 |
| 1050.00 | 246 | 382 | 443 | 448 | 453 | 458 |
| 1100.00 | 258 | 400 | 489 | 495 | 500 | 505 |
| 1150.00 | 269 | 417 | 522 | 541 | 547 | 553 |
| 1200.00 | 280 | 435 | 544 | 588 | 594 | 600 |
| 1250.00 | 290 | 451 | 565 | 634 | 641 | 648 |
| 1300.00 | 300 | 467 | 584 | 659 | 688 | 695 |
| 1350.00 | 310 | 482 | 603 | 681 | 735 | 743 |
| 1400.00 | 320 | 498 | 623 | 702 | 765 | 790 |
| 1450.00 | 330 | 513 | 642 | 724 | 789 | 838 |
| 1500.00 | 340 | 529 | 662 | 746 | 813 | 869 |
| 1550.00 | 350 | 544 | 681 | 768 | 836 | 895 |
| 1600.00 | 360 | 560 | 701 | 790 | 860 | 920 |
| 1650.00 | 370 | 575 | 720 | 812 | 884 | 945 |
| 1700.00 | 380 | 591 | 740 | 833 | 907 | 971 |
| 1750.00 | 390 | 606 | 759 | 855 | 931 | 996 |
| 1800.00 | 400 | 622 | 779 | 877 | 955 | 1022 |
| 1850.00 | 410 | 638 | 798 | 900 | 979 | 1048 |
| 1900.00 | 421 | 654 | 818 | 923 | 1004 | 1074 |
| 1950.00 | 431 | 670 | 839 | 946 | 1029 | 1101 |
| 2000.00 | 442 | 686 | 859 | 968 | 1054 | 1128 |
| 2050.00 | 452 | 702 | 879 | 991 | 1079 | 1154 |
| 2100.00 | 463 | 718 | 899 | 1014 | 1104 | 1181 |
| 2150.00 | 473 | 734 | 919 | 1037 | 1129 | 1207 |
| 2200.00 | 484 | 751 | 940 | 1060 | 1154 | 1234 |
| 2250.00 | 494 | 767 | 960 | 1082 | 1179 | 1261 |
| 2300.00 | 505 | 783 | 980 | 1105 | 1204 | 1287 |
| 2350.00 | 515 | 799 | 1000 | 1128 | 1229 | 1314 |
| 2400.00 | 526 | 815 | 1020 | 1151 | 1254 | 1340 |
| 2450.00 | 536 | 831 | 1041 | 1174 | 1279 | 1367 |
| 2500.00 | 547 | 847 | 1061 | 1196 | 1304 | 1394 |
| 2550.00 | 557 | 864 | 1081 | 1219 | 1329 | 1420 |

| Combined Monthly Available Income | One Child | Two Children | Three Children | Four Children | Five Children | Six Children |
|---|---|---|---|---|---|---|
| 2600.00 | 568 | 880 | 1101 | 1242 | 1354 | 1447 |
| 2650.00 | 578 | 896 | 1121 | 1265 | 1379 | 1473 |
| 2700.00 | 588 | 912 | 1141 | 1287 | 1403 | 1500 |
| 2750.00 | 597 | 927 | 1160 | 1308 | 1426 | 1524 |
| 2800.00 | 607 | 941 | 1178 | 1328 | 1448 | 1549 |
| 2850.00 | 616 | 956 | 1197 | 1349 | 1471 | 1573 |
| 2900.00 | 626 | 971 | 1215 | 1370 | 1494 | 1598 |
| 2950.00 | 635 | 986 | 1234 | 1391 | 1517 | 1622 |
| 3000.00 | 644 | 1001 | 1252 | 1412 | 1540 | 1647 |
| 3050.00 | 654 | 1016 | 1271 | 1433 | 1563 | 1671 |
| 3100.00 | 663 | 1031 | 1289 | 1453 | 1586 | 1695 |
| 3150.00 | 673 | 1045 | 1308 | 1474 | 1608 | 1720 |
| 3200.00 | 682 | 1060 | 1327 | 1495 | 1631 | 1744 |
| 3250.00 | 691 | 1075 | 1345 | 1516 | 1654 | 1769 |
| 3300.00 | 701 | 1090 | 1364 | 1537 | 1677 | 1793 |
| 3350.00 | 710 | 1105 | 1382 | 1558 | 1700 | 1818 |
| 3400.00 | 720 | 1120 | 1401 | 1579 | 1723 | 1842 |
| 3450.00 | 729 | 1135 | 1419 | 1599 | 1745 | 1867 |
| 3500.00 | 738 | 1149 | 1438 | 1620 | 1768 | 1891 |
| 3550.00 | 748 | 1164 | 1456 | 1641 | 1791 | 1915 |
| 3600.00 | 757 | 1179 | 1475 | 1662 | 1814 | 1940 |
| 3650.00 | 767 | 1194 | 1493 | 1683 | 1837 | 1964 |
| 3700.00 | 776 | 1208 | 1503 | 1702 | 1857 | 1987 |
| 3750.00 | 784 | 1221 | 1520 | 1721 | 1878 | 2009 |
| 3800.00 | 793 | 1234 | 1536 | 1740 | 1899 | 2031 |
| 3850.00 | 802 | 1248 | 1553 | 1759 | 1920 | 2053 |
| 3900.00 | 811 | 1261 | 1570 | 1778 | 1940 | 2075 |
| 3950.00 | 819 | 1275 | 1587 | 1797 | 1961 | 2097 |
| 4000.00 | 828 | 1288 | 1603 | 1816 | 1982 | 2119 |
| 4050.00 | 837 | 1302 | 1620 | 1835 | 2002 | 2141 |
| 4100.00 | 846 | 1315 | 1637 | 1854 | 2023 | 2163 |
| 4150.00 | 854 | 1329 | 1654 | 1873 | 2044 | 2185 |
| 4200.00 | 863 | 1342 | 1670 | 1892 | 2064 | 2207 |
| 4250.00 | 872 | 1355 | 1687 | 1911 | 2085 | 2229 |
| 4300.00 | 881 | 1369 | 1704 | 1930 | 2106 | 2251 |
| 4350.00 | 889 | 1382 | 1721 | 1949 | 2127 | 2273 |
| 4400.00 | 898 | 1396 | 1737 | 1968 | 2147 | 2295 |
| 4450.00 | 907 | 1409 | 1754 | 1987 | 2168 | 2317 |
| 4500.00 | 916 | 1423 | 1771 | 2006 | 2189 | 2339 |

| Combined Monthly Available Income | One Child | Two Children | Three Children | Four Children | Five Children | Six Children |
|---|---|---|---|---|---|---|
| 4550.00 | 924 | 1436 | 1788 | 2024 | 2209 | 2361 |
| 4600.00 | 933 | 1450 | 1804 | 2043 | 2230 | 2384 |
| 4650.00 | 942 | 1463 | 1821 | 2062 | 2251 | 2406 |
| 4700.00 | 951 | 1477 | 1838 | 2081 | 2271 | 2428 |
| 4750.00 | 959 | 1490 | 1855 | 2100 | 2292 | 2450 |
| 4800.00 | 968 | 1503 | 1871 | 2119 | 2313 | 2472 |
| 4850.00 | 977 | 1517 | 1888 | 2138 | 2334 | 2494 |
| 4900.00 | 986 | 1530 | 1905 | 2157 | 2354 | 2516 |
| 4950.00 | 993 | 1542 | 1927 | 2174 | 2372 | 2535 |
| 5000.00 | 1000 | 1551 | 1939 | 2188 | 2387 | 2551 |
| 5050.00 | 1006 | 1561 | 1952 | 2202 | 2402 | 2567 |
| 5100.00 | 1013 | 1571 | 1964 | 2215 | 2417 | 2583 |
| 5150.00 | 1019 | 1580 | 1976 | 2229 | 2432 | 2599 |
| 5200.00 | 1025 | 1590 | 1988 | 2243 | 2447 | 2615 |
| 5250.00 | 1032 | 1599 | 2000 | 2256 | 2462 | 2631 |
| 5300.00 | 1038 | 1609 | 2012 | 2270 | 2477 | 2647 |
| 5350.00 | 1045 | 1619 | 2024 | 2283 | 2492 | 2663 |
| 5400.00 | 1051 | 1628 | 2037 | 2297 | 2507 | 2679 |
| 5450.00 | 1057 | 1638 | 2049 | 2311 | 2522 | 2695 |
| 5500.00 | 1064 | 1647 | 2061 | 2324 | 2537 | 2711 |
| 5550.00 | 1070 | 1657 | 2073 | 2338 | 2552 | 2727 |
| 5600.00 | 1077 | 1667 | 2085 | 2352 | 2567 | 2743 |
| 5650.00 | 1083 | 1676 | 2097 | 2365 | 2582 | 2759 |
| 5700.00 | 1089 | 1686 | 2109 | 2379 | 2597 | 2775 |
| 5750.00 | 1096 | 1695 | 2122 | 2393 | 2612 | 2791 |
| 5800.00 | 1102 | 1705 | 2134 | 2406 | 2627 | 2807 |
| 5850.00 | 1107 | 1713 | 2144 | 2418 | 2639 | 2820 |
| 5900.00 | 1111 | 1721 | 2155 | 2429 | 2651 | 2833 |
| 5950.00 | 1116 | 1729 | 2165 | 2440 | 2663 | 2847 |
| 6000.00 | 1121 | 1737 | 2175 | 2451 | 2676 | 2860 |
| 6050.00 | 1126 | 1746 | 2185 | 2462 | 2688 | 2874 |
| 6100.00 | 1131 | 1754 | 2196 | 2473 | 2700 | 2887 |
| 6150.00 | 1136 | 1762 | 2206 | 2484 | 2712 | 2900 |
| 6200.00 | 1141 | 1770 | 2216 | 2495 | 2724 | 2914 |
| 6250.00 | 1145 | 1778 | 2227 | 2506 | 2737 | 2927 |
| 6300.00 | 1150 | 1786 | 2237 | 2517 | 2749 | 2941 |
| 6350.00 | 1155 | 1795 | 2247 | 2529 | 2761 | 2954 |
| 6400.00 | 1160 | 1803 | 2258 | 2540 | 2773 | 2967 |
| 6450.00 | 1165 | 1811 | 2268 | 2551 | 2785 | 2981 |

| Combined Monthly Available Income | One Child | Two Children | Three Children | Four Children | Five Children | Six Children |
|---|---|---|---|---|---|---|
| 6500.00 | 1170 | 1819 | 2278 | 2562 | 2798 | 2994 |
| 6550.00 | 1175 | 1827 | 2288 | 2573 | 2810 | 3008 |
| 6600.00 | 1179 | 1835 | 2299 | 2584 | 2822 | 3021 |
| 6650.00 | 1184 | 1843 | 2309 | 2595 | 2834 | 3034 |
| 6700.00 | 1189 | 1850 | 2317 | 2604 | 2845 | 3045 |
| 6750.00 | 1193 | 1856 | 2325 | 2613 | 2854 | 3055 |
| 6800.00 | 1196 | 1862 | 2332 | 2621 | 2863 | 3064 |
| 6850.00 | 1200 | 1868 | 2340 | 2630 | 2872 | 3074 |
| 6900.00 | 1204 | 1873 | 2347 | 2639 | 2882 | 3084 |
| 6950.00 | 1208 | 1879 | 2355 | 2647 | 2891 | 3094 |
| 7000.00 | 1212 | 1885 | 2362 | 2656 | 2900 | 3103 |
| 7050.00 | 1216 | 1891 | 2370 | 2664 | 2909 | 3113 |
| 7100.00 | 1220 | 1897 | 2378 | 2673 | 2919 | 3123 |
| 7150.00 | 1224 | 1903 | 2385 | 2681 | 2928 | 3133 |
| 7200.00 | 1228 | 1909 | 2393 | 2690 | 2937 | 3142 |
| 7250.00 | 1232 | 1915 | 2400 | 2698 | 2946 | 3152 |
| 7300.00 | 1235 | 1921 | 2408 | 2707 | 2956 | 3162 |
| 7350.00 | 1239 | 1927 | 2415 | 2716 | 2965 | 3172 |
| 7400.00 | 1243 | 1933 | 2423 | 2724 | 2974 | 3181 |
| 7450.00 | 1247 | 1939 | 2430 | 2733 | 2983 | 3191 |
| 7500.00 | 1251 | 1945 | 2438 | 2741 | 2993 | 3201 |
| 7550.00 | 1255 | 1951 | 2446 | 2750 | 3002 | 3211 |
| 7600.00 | 1259 | 1957 | 2453 | 2758 | 3011 | 3220 |
| 7650.00 | 1263 | 1963 | 2461 | 2767 | 3020 | 3230 |
| 7700.00 | 1267 | 1969 | 2468 | 2775 | 3030 | 3240 |
| 7750.00 | 1271 | 1975 | 2476 | 2784 | 3039 | 3250 |
| 7800.00 | 1274 | 1981 | 2483 | 2792 | 3048 | 3259 |
| 7850.00 | 1278 | 1987 | 2491 | 2801 | 3057 | 3269 |
| 7900.00 | 1282 | 1992 | 2498 | 2810 | 3067 | 3279 |
| 7950.00 | 1286 | 1998 | 2506 | 2818 | 3076 | 3289 |
| 8000.00 | 1290 | 2004 | 2513 | 2827 | 3085 | 3298 |
| 8050.00 | 1294 | 2010 | 2521 | 2835 | 3094 | 3308 |
| 8100.00 | 1298 | 2016 | 2529 | 2844 | 3104 | 3318 |
| 8150.00 | 1302 | 2022 | 2536 | 2852 | 3113 | 3328 |
| 8200.00 | 1306 | 2028 | 2544 | 2861 | 3122 | 3337 |
| 8250.00 | 1310 | 2034 | 2551 | 2869 | 3131 | 3347 |
| 8300.00 | 1313 | 2040 | 2559 | 2878 | 3141 | 3357 |
| 8350.00 | 1317 | 2046 | 2566 | 2887 | 3150 | 3367 |
| 8400.00 | 1321 | 2052 | 2574 | 2895 | 3159 | 3376 |

| Combined Monthly Available Income | One Child | Two Children | Three Children | Four Children | Five Children | Six Children |
|---|---|---|---|---|---|---|
| 8450.00 | 1325 | 2058 | 2581 | 2904 | 3168 | 3386 |
| 8500.00 | 1329 | 2064 | 2589 | 2912 | 3178 | 3396 |
| 8550.00 | 1333 | 2070 | 2597 | 2921 | 3187 | 3406 |
| 8600.00 | 1337 | 2076 | 2604 | 2929 | 3196 | 3415 |
| 8650.00 | 1341 | 2082 | 2612 | 2938 | 3205 | 3425 |
| 8700.00 | 1345 | 2088 | 2619 | 2946 | 3215 | 3435 |
| 8750.00 | 1349 | 2094 | 2627 | 2955 | 3224 | 3445 |
| 8800.00 | 1352 | 2100 | 2634 | 2963 | 3233 | 3454 |
| 8850.00 | 1356 | 2106 | 2642 | 2972 | 3242 | 3464 |
| 8900.00 | 1360 | 2111 | 2649 | 2981 | 3252 | 3474 |
| 8950.00 | 1364 | 2117 | 2657 | 2989 | 3261 | 3484 |
| 9000.00 | 1368 | 2123 | 2664 | 2998 | 3270 | 3493 |
| 9050.00 | 1372 | 2129 | 2672 | 3006 | 3279 | 3503 |
| 9100.00 | 1376 | 2135 | 2680 | 3015 | 3289 | 3513 |
| 9150.00 | 1380 | 2141 | 2687 | 3023 | 3298 | 3523 |
| 9200.00 | 1384 | 2147 | 2695 | 3032 | 3307 | 3532 |
| 9250.00 | 1388 | 2153 | 2702 | 3040 | 3316 | 3542 |
| 9300.00 | 1391 | 2159 | 2710 | 3049 | 3326 | 3552 |
| 9350.00 | 1395 | 2165 | 2717 | 3058 | 3335 | 3562 |
| 9400.00 | 1399 | 2171 | 2725 | 3066 | 3344 | 3571 |
| 9450.00 | 1403 | 2177 | 2732 | 3075 | 3353 | 3581 |
| 9500.00 | 1407 | 2183 | 2740 | 3083 | 3363 | 3591 |
| 9550.00 | 1411 | 2189 | 2748 | 3092 | 3372 | 3601 |
| 9600.00 | 1415 | 2195 | 2755 | 3100 | 3381 | 3610 |
| 9650.00 | 1419 | 2201 | 2763 | 3109 | 3390 | 3620 |
| 9700.00 | 1422 | 2206 | 2767 | 3115 | 3396 | 3628 |
| 9750.00 | 1425 | 2210 | 2772 | 3121 | 3402 | 3634 |
| 9800.00 | 1427 | 2213 | 2776 | 3126 | 3408 | 3641 |
| 9850.00 | 1430 | 2217 | 2781 | 3132 | 3414 | 3647 |
| 9900.00 | 1432 | 2221 | 2786 | 3137 | 3420 | 3653 |
| 9950.00 | 1435 | 2225 | 2791 | 3143 | 3426 | 3659 |
| 10000.00 | 1437 | 2228 | 2795 | 3148 | 3432 | 3666 |

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
                    Petitioner,
        and

_____,
                    Respondent.


# NOTICE OF FILING CHILD SUPPORT GUIDELINES WORKSHEET

PLEASE TAKE NOTICE, that *{name}*_____, is filing the Child Support

Guidelines Worksheet attached and labeled Exhibit 1.


# CERTIFICATE OF SERVICE

I certify that a copy of this Notice of Filing with the Child Support Guidelines Worksheet was [**check all used**]: (   ) e-mailed (   ) mailed (   ) hand delivered to the person(s) listed below on *{date}* _____
_____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
E-mail Address(es): _____


_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
E-mail Address(es): _____

Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet (06/25)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# CHILD SUPPORT GUIDELINES WORKSHEET

| GROSS INCOME CALCULATION | | | |
|---|---|---|---|
| | **A**. PETITIONER | **B.** RESPONDENT | TOTAL |
| Present Gross Monthly Income<br>Enter the amount from line 17, Section I of Florida Family Law Rules of Procedure Form 12.902(b) or (c), Financial Affidavit. | | | |
| CHILD SUPPORT GUIDELINES WORKSHEET | | | |
| | **A**. PETITIONER | **B.** RESPONDENT | TOTAL |
| **1.** Present Net Monthly Income<br>Enter the amount from line 27, Section I of Florida Family Law Rules of Procedure Form 12.902(b) or (c), Financial Affidavit. | | | |
| **2.** Basic Monthly Obligation<br>There is (are) {number}_____ minor child(ren) common to the parties. Using the total amount from line 1, enter the appropriate amount from the child support guidelines chart. | | | |

|  | A. PETITIONER | B. RESPONDENT | TOTAL |
|---|---|---|---|
| **3.** Percent of Financial Responsibility Divide the amount on line 1A by the total amount on line 1 to get Petitioner's percentage of financial responsibility. Enter answer on line 3A. Divide the amount on line 1B by the total amount on line 1 to get Respondent's percentage of financial responsibility. Enter answer on line 3B. | % | % | |
| **4.** Share of Basic Monthly Obligation Multiply the number on line 2 by the percentage on line 3A to get Petitioner's share of basic obligation. Enter answer on line 4A. Multiply the number on line 2 by the percentage on line 3B to Respondent's share of basic obligation. Enter answer on line 4B. | | | |
| **Additional Support — Health Insurance, Child Care & Other** | | | |
| **5. a.** 100% of Monthly Child Care Costs [Child care costs should not exceed the level required to provide quality care from a licensed source. See section 61.30(7), Florida Statutes, for more information.] | | | |
| **b.** Total Monthly Child(ren)'s Health Insurance Cost [This is only amounts actually paid for health insurance on the child(ren).] | | | |
| **c.** Total Monthly Child(ren)'s Noncovered Medical, Dental and Prescription Medication Costs | | | |
| **d.** Total Monthly Child Care & Health Costs [Add lines 5a + 5b +5c.] | | | |

| | | | |
|---|---|---|---|
| **6.** Additional Support Payments Multiply the number on line 5d by the percentage on line 3A to determine the Petitioner's share. Enter answer on line 6A. Multiply the number on line 5d by the percentage on line 3B to determine the Respondent's share. Enter answer on line 6B. | | | |
| **Statutory Adjustments/Credits** | | | |
| **7. a.** Monthly child care payments actually made. | | | |
| **b.** Monthly health insurance payments actually made. | | | |
| **c.** Other payments/credits actually made for any noncovered medical, dental and prescription medication expenses of the child(ren) not ordered to be separately paid on a percentage basis. (See section 61.30 (8), Florida Statutes.) | | | |
| **8.** Total Support Payments actually made (Add 7a though 7c.) | | | |
| **9. MINIMUM CHILD SUPPORT OBLIGATION FOR EACH PARENT** [Line 4 plus line 6; minus line 8.] | | | |
| **Substantial Time-Sharing (GROSS UP METHOD) If each parent exercises time-sharing at least 20 percent of the overnights in the year (73 overnights in the year), complete Nos. 10 through 21.** | | | |
| **10.** Basic Monthly Obligation x 150% [Multiply line 2 by 1.5] | | | |

| | | | |
|---|---|---|---|
| **11**. Increased Basic Obligation for each parent. Multiply the number on line 10 by the percentage on line 3A to determine the Petitioner's share.  Enter answer on line 11A.  Multiply the number on line 10 by the percentage on line 3B to determine the Respondent's share. Enter answer on line 11B. | | | |
| **12.** Percentage of overnight stays with each parent.  The child(ren) spend(s) _____overnight stays with the Petitioner each year.  Using the number on the above line, multiply it by 100 and divide by 365. Enter this number on line 12A. The child(ren) spend(s) _____ overnight stays with the Respondent each year.  Using the number on the above line, multiply it by 100 and divide by 365. Enter this number on line 12B. | % | % | |
| **13**. Parent's support multiplied by other Parent's percentage of overnights. [Multiply line 11A by line 12B.  Enter this number in 13A.  Multiply line 11B by line 12A.  Enter this number in 13B.] | | | |
| **Additional Support — Health Insurance, Child Care & Other** | | | |
| **14. a.** Total Monthly Child Care Costs [Child care costs should not exceed the level required to provide quality care from a licensed source.  See section 61.30(7), Florida Statutes, for more information.] | | | |
| **b.** Total Monthly Child(ren)'s Health Insurance Cost. [This is only amounts actually paid for health insurance on the child(ren).] | | | |
| **c.** Total Monthly Child(ren)'s Noncovered Medical, Dental and Prescription Medication Costs. | | | |
| **d.** Total Monthly Child Care & Health Costs [Add lines 14a + 14b + 14c.] | | | |

Florida Family Law Rules of Procedure Form 12.902(e), Child Support Guidelines Worksheet (06/25)

| | | | |
|---|---|---|---|
| **15**. Additional Support Payments. Multiply the number on line 14d by the percentage on line 3A to determine the Petitioner's share. Enter answer on line 15A. Multiply the number on line 14d by the percentage on line 3B to determine the Respondent's share. Enter answer on line 15B. | | | |
| **Statutory Adjustments/Credits** | | | |
| **16. a.** Monthly child care payments actually made. | | | |
| **b.** Monthly health insurance payments actually made. | | | |
| **c.** Other payments/credits actually made for any noncovered medical, dental and prescription medication expenses of the child(ren) not ordered to be separately paid on a percentage basis. [See section 61.30(8), Florida Statutes.] | | | |
| **17**. Total Support Payments actually made [Add 16a though 16c.] | | | |
| **18**. Total Additional Support Transfer Amount [Line 15 minus line 17; enter any negative number as zero.] | | | |
| **19**. Total Child Support Owed from Petitioner to Respondent [Add line 13A plus 18A.] | | | |
| **20.** Total Child Support Owed from Respondent to Petitioner [Add line 13B plus line 18B.] | | | |
| **21. Presumptive Child Support to Be Paid.** [Comparing lines 19 and 20, subtract the smaller amount owed from the larger amount owed and enter the result in the column for the parent that owes the larger amount of support.] | $ | | |

**ADJUSTMENTS TO GUIDELINES AMOUNT.** If you or the other parent is requesting the Court to award a child support amount that is more or less than the child support guidelines, you must complete and file Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943.

[check **one** only]
a. **_____ Deviation from the guidelines amount is requested.** The Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, is attached.
b. **_____ Deviation from the guidelines amount is NOT requested.** The Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, is not attached.

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* ____ Petitioner ____ Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* ____, *{zip code}* _____, *{telephone number}* _____

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(a)
# NOTICE OF SERVICE OF STANDARD FAMILY LAW INTERROGATORIES
# (06/25)

## When should this form be used?

You should use this form to tell the court that you are asking the other **party** in your case to answer certain standard questions in writing. These questions are called **interrogatories**, and they must relate to your case. The standard family law interrogatories are designed to supplement the information provided in the **Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should carefully read the standard interrogatory forms, Florida Family Law Rules of Procedure Form 12.930(b) and (c), to determine which questions, if any, the other party should answer to provide you with information not covered by the financial affidavit forms.

This form should be typed or printed in black ink. You must indicate whether you are sending the interrogatories for original and enforcement proceedings **or** for modification proceedings. You must also indicate which questions you are asking the other party to answer. After completing this form, you should **file** this document with the **clerk of the circuit court** in the county where your case was filed and keep a copy for your records.

## What should I do next?

You must serve the other party with a copy of this form along with an original and a copy of the appropriate interrogatories, Florida Family Law Rules of Procedure Form 12.930(b) or (c), if service is by mail or hand delivery. You must serve a copy of this form and a copy of the interrogatories if service is by email. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

## You may want to inform the other party of the following information:

As a general rule, within **30 days** after service of interrogatories, the other party must answer the questions in writing and serve you with the answers. **Service** of the answers must be in compliance with Florida Rule of General Practice and Judicial Administration 2.516. His or her answers may be written on as many separate sheets of paper as necessary. He or she should number each page and indicate which question(s) he or she is answering, and be sure to make a copy for him/herself. All answers to these questions must be signed under penalties of perjury as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The original of the answers to the interrogatories is to be provided to the requesting party. Do **not** file the original or a copy with the clerk of the circuit court except as provided in Florida Family Law Rule of Procedure 12.340(d).

The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. **If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.**

Instructions for Florida Family Law Rules of Procedure Form 12.930(a), Notice of Service of Standard Family Law Interrogatories (06/25)

# Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are **bold and underlined** in these instructions are defined there. For further information, see Florida Family Law Rules of Procedure 12.280, 12.285, 12.340, and 12.380.

A copy of this form must be filed with the court and served on the other party or his or her attorney. The copy you are serving to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service. Service must be in accordance with Florida Rules of General Practice and Judicial Administration 2.516.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

Instructions for Florida Family Law Rules of Procedure Form 12.930(a), Notice of Service of Standard Family Law Interrogatories (06/25)

## Special notes . . .

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.930(a), Notice of Service of Standard Family Law Interrogatories (06/25)

3 of 3

- 63 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

## NOTICE OF SERVICE OF STANDARD FAMILY LAW INTERROGATORIES

I, *{full legal name}* _____, have on *{date}* _____,
served upon *{name of person served}* _____,
to be answered under oath within 30 days after service, the Standard Family Law Interrogatories for [check **one** only]

**(   ) Original or Enforcement Proceedings   (   ) Modification Proceedings**

I am requesting that the following standard questions be answered: [check **all** that apply]

_____1  _____2  _____3  _____4  _____5  _____6  _____7
Background   Education   Employment   Assets   Liabilities   Miscellaneous   Long Form
Information                                                                   Affidavit

In addition, I am requesting that the attached *{#}* _____ questions be answered.

I certify that a copy of this document was **[check all used]**: (   ) emailed (   ) mailed (   ) hand delivered
to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Email Address(es): _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Email Address(es): _____

Florida Family Law Rules of Procedure Form 12.930(a), Notice of Service of Standard Family Law Interrogatories (06/25)

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for: *{choose only **one**}* _____ Petitioner _____ Respondent
This form was completed with the assistance of:
*{name of individual}* _____ ,
*{name of business}* _____ ,
*{address}* _____ ,
*{city}* _____ , *{state}* ____ , *{zip code}* _____ , *{telephone number}* _____ .

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(b) STANDARD FAMILY LAW INTERROGATORIES FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS (06/25)

## When should this form be used?

This form should be used to ask the other **party** in your case to answer certain standard questions in writing. These questions are called **interrogatories**, and they must relate to your case. If the other party fails to answer the questions, you may ask the **court** to order the other party to answer the questions. (You cannot ask these questions before the **petition** has been **filed**.)

The questions in this form should be used in **original proceedings** or **enforcement proceedings** and are meant to supplement the information provided in the **Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party should answer to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.

This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer.

You must serve the other party with this document and a copy of these interrogatories and a copy of the **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(a), if by mail or hand delivery. You must serve these interrogatories and a copy of the **Notice**, if by email. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

You should also keep a copy for your records. You should not file this form with the clerk of the circuit court. However, you must file the **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure 12.930(a), to tell the court that you have sent this form to the other party.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold and underlined** in these instructions are defined there. For further information, see the instructions for **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(a) and Florida Family Law Rules of Procedure 12.280, 12.285, 12.340, and 12.380.

Instructions for Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (06/25)

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Special notes . . .

In addition to the standard questions in this form, you may ask up to 10 additional questions.  You should type or print legibly your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the court.

**You may want to inform the other party of the following information:** As a general rule, within **30 days** after service of interrogatories, the other party must answer the questions in writing and

Instructions for Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (06/25)

2 of 3

- 67 -

serve you with the answers. **Service** of the answers must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516. His or her answers may be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions must be made under penalties of perjury as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The answers to the interrogatories are to be provided to the requesting party. **DO NOT FILE THIS DOCUMENT WITH THE CLERK OF THE COURT EXCEPT AS PROVIDED BY FLORIDA FAMILY LAW RULE OF PROCEDURE 12.340(d) AND IN ACCORDANCE WITH THE REQUIREMENTS OF FLORIDA RULE OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.425.** The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (06/25)

3 of 3

- 68 -

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# STANDARD FAMILY LAW INTERROGATORIES
# FOR ORIGINAL OR ENFORCEMENT PROCEEDINGS

**TO BE COMPLETED BY THE PARTY SERVING THESE INTERROGATORIES**
I am requesting that the following standard questions be answered: [check **all** that apply]

| ____1 | ____2 | ____3 | ____4 | ____5 | _____6 | _____7 |
|---|---|---|---|---|---|---|
| Background Information | Education | Employment | Assets | Liabilities | Miscellaneous | Long Form Affidavit |

In addition, I am requesting that the attached {#} _____ questions be answered.

The answers to the following questions are intended to supplement the information provided in the Financial Affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should answer the group of questions indicated in the above shaded box. The questions should be answered in the blank space provided below each separately numbered question. If sufficient space is not provided, you may attach additional papers with the answers and refer to them in the space provided in the interrogatories. You should be sure to make a copy for yourself. Each question must be answered separately and as completely as the available information permits. All answers are to be made under oath or affirmation as to their truthfulness.

**AFTER YOU ANSWER THE INTERROGATORIES, DO NOT FILE THIS DOCUMENT WITH THE CLERK OF THE COURT. ALL PERSONAL INFORMATION CONTAINED IN THE COURT FILE BECOMES PUBLIC RECORD. INSTEAD, SERVE THE ANSWERS TO THE INTERROGATORIES ON THE OTHER PARTY AND FILE FORM 12.930(d), NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES, WITH THE CLERK.**

I, *{name of person answering interrogatories}* _____,
being sworn, certify that the following information is true:

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (06/25)

1 of 8

- 69 -

1. **BACKGROUND INFORMATION:**
   a. State your full legal name and any other name by which you have been known.
   b. State your present residence and telephone numbers.

2. **EDUCATION:**
   a. List all business, commercial, and professional licenses that you have obtained.
   b. List all of your education including, but not limited to, vocational or specialized training, including the following:
      (1) name and address of each educational institution.
      (2) dates of attendance.
      (3) degrees or certificates obtained or anticipated dates of same.

3. **EMPLOYMENT:**
   a. For each place of your employment or self-employment during the last 3 years, state the following:
      (1) name, address, and telephone number of your employer.
      (2) dates of employment.
      (3) job title and brief description of job duties.
      (4) starting and ending salaries.
      (5) name of your direct supervisor.
      (6) all benefits received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.

   b. Other than as an employee, if you have been engaged in or associated with any business, commercial, or professional activity within the last 3 years that was not detailed above, state for each such activity the following:
      (1) name, address, and telephone number of each activity.
      (2) dates you were connected with such activity.
      (3) position title and brief description of activities.
      (4) starting and ending compensation.
      (5) name of all persons involved in the business, commercial, or professional activity with you.
      (6) all benefits and compensation received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.

   c. If you have been unemployed at any time during the last 3 years, state the dates of unemployment. If you have not been employed at any time in the last 3 years, give the information requested above in question 3.a for your last period of employment.

4. **ASSETS:**
   a. **Real Estate.** State the street address, if any, and if not, the legal description of all real property that you own or owned during the last 3 years. For each property, state the following:

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (06/25)

(1) the names and addresses of any other persons or entities holding any interest and their percentage of interest.

(2) the purchase price, the cost of any improvements made since it was purchased, and the amount of any depreciation taken.

(3) the fair market value on the date of your separation from your spouse.

(4) the fair market value on the date of the filing of the petition for dissolution of marriage.

b. **Tangible Personal Property.** List all items of tangible personal property that are owned by you or in which you have had any interest during the last 3 years including, but not limited to, motor vehicles, tools, furniture, boats, jewelry, art objects or other collections, and collectibles whose fair market value exceeds $100. For each item, state the following:

(1) the percentage and type interest you hold.

(2) the names and addresses of any other persons or entities holding any interest.

(3) the date you acquired your interest.

(4) the purchase price.

(5) the present fair market value.

(6) the fair market value on the date of your separation from your spouse.

(7) the fair market value on the date of the filing of the petition for dissolution of marriage.

c. **Intangible Personal Property.** Other than the financial accounts (checking, savings, money market, credit union accounts, retirement accounts, or other such cash management accounts) listed in the answers to interrogatories 4.d and 4.e below, list all items of intangible personal property that are owned by you or in which you have had any ownership interest (including closed accounts) within the last 3 years, including but not limited to, partnership and business interests (including good will), deferred compensation accounts unconnected with retirement, including but not limited to stock options, sick leave, and vacation pay, stocks, stock funds, mutual funds, bonds, bond funds, real estate investment trust, receivables, certificates of deposit, notes, mortgages, and debts owed to you by another entity or person. For each item, state the following:

(1) the percentage and type interest you hold.

(2) the names and addresses of any other persons or entities holding any interest and the names and addresses of the persons and entities who are indebted to you.

(3) the date you acquired your interest.

(4) the purchase price, acquisition cost, or loaned amount.

(5) the fair market value or the amounts you claim are owned by or owed to you:

    (a) presently, at the time of answering these interrogatories.

    (b) on the date of your separation from your spouse.

    (c) on the date of the filing of the petition for dissolution of marriage.

**You may comply with this interrogatory (4.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. However, if the date of acquisition, the purchase price and the market valuations are not clearly reflected in the periodic statements which are furnished then these questions must be answered separately. You do not have to resubmit any periodic statements previously furnished under rule 12.285 (Mandatory Disclosure).**

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (06/25)

3 of 8

- 71 -

d. **Retirement Accounts:** List all information regarding each retirement account/plan, including but not limited to defined benefit plans, 401k, 403B, IRA accounts, pension plans, Florida Retirement System plans (FRS), Federal Government plans, money purchase plans, HR10 (Keogh) plans, profit sharing plans, annuities, employee savings plans, etc. that you have established and/or that have been established for you by you, your employer, or any previous employer.  For each account, state the following:

    (1)  the name and last 4 digits of the account number of each account/plan and where it is located.

    (2)  the type of account/plan.

    (3)  the name and address of the fiduciary plan administrator/service representative.

    (4)  the fair market value of your interest in each account/plan.

        (a)  present value.

        (b)  value on the date of separation.

        (c)  value on the date of filing of the petition for dissolution of marriage

    (5)  whether you are vested or not vested; and if vested, in what amount, as of a certain date and the schedule of future vesting.

    (6)  the date at which you became/become eligible to receive some funds in this account/plan.

    (7)  monthly benefits of the account/plan if no fair market value is ascertained.

    (8)  beneficiary(ies) and/or alternate payee(s).

e. **Financial Accounts.**  For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:

    (1)  name and address of each institution.

    (2)  name in which the account is or was maintained.

    (3)   the last 4 digits of account numbers.

    (4)  name of each person authorized to make withdrawals from the accounts.

    (5)  highest balance within each of the preceding 3 years.

    (6)  lowest balance within each of the preceding 3 years.

**You may comply with this interrogatory (4.e) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years.  DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished pursuant to rule 12.285 (Mandatory Disclosure).**

f. **Closed Financial Accounts.**  For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) closed within the last 3 years, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:

    (1)  name and address of each institution.

    (2)  name in which the account is or was maintained.

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (06/25)

4 of 8

- 72 -

(3)  the last 4 digits of account numbers.

(4)  name of each person authorized to make withdrawals from the accounts.

(5)  date account was closed.

g.  **Trust.**  For any interest in an estate, trust, insurance policy, or annuity, state the following:

  (1)  If you are the beneficiary of any estate, trust, insurance policy, or annuity, give for each one the following:

    (a)  identification of the estate, trust, insurance policy, or annuity.

    (b)  the nature, amount, and frequency of any distributions of benefits.

    (c)  the total value of the beneficiaries' interest in the benefit.

    (d)  whether the benefit is vested or contingent.

  (2)  If you have established any trust or are the trustee of a trust, state the following:

    (a)  the date the trust was established.

    (b)  the names and addresses of the trustees.

    (c)  the names and addresses of the beneficiaries.

    (d)  the names and addresses of the persons or entities who possess the trust documents.

    (e)  each asset that is held in each trust, with its fair market value.

h.  **Canceled Life Insurance Policies.**  For all policies of life insurance within the preceding 3 years that you no longer hold, own, or have any interest in, state the following:

  (1)  name of company that issued the policy and last 4 digits of policy number.

  (2)  name, address, and telephone number of agent who issued the policy.

  (3)  amount of coverage.

  (4)  name of insured.

  (5)  name of owner of policy.

  (6)  name of beneficiaries.

  (7)  premium amount.

  (8)  date the policy was surrendered.

  (9)  amount, if any, of monies distributed to the owner.

i.  **Name of Accountant, Bookkeeper, or Records Keeper.**  State the names, addresses, and telephone numbers of your accountant, bookkeeper, and any other persons who possess your financial records, and state which records each possesses.

j.  **Safe Deposit Boxes, Lock Boxes, Vaults, Etc.**  For all safe deposit boxes, lock boxes, vaults, or similar types of depositories, state the following:

  (1)  The names and addresses of all banks, depositories, or other places where, at any time during the period beginning 3 years before the initiation of the action, until the date of your answering this interrogatory, you did any of the following:

    (a)  had a safe deposit box, lock box, or vault.

    (b)  were a signatory or co-signatory on a safe deposit box, lock box, or vault.

    (c)  had access to a safe deposit box, lock box, or vault.

    (d)  maintained property.

  (2)  The box or identification numbers and the name and address of each person who has had access to any such depository during the same time period.

  (3)  All persons who have possession of the keys or combination to the safe deposit box, lock box, or vault.

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (06/25)

5 of 8

- 73 -

(4) Any items removed from any safe deposit boxes, lock boxes, vaults, or similar types of depositories by you or your agent during that time, together with the present location and fair market value of each item.

(5) All items in any safe deposit boxes, lock boxes, vaults, or similar types of depositories and fair market value of each item.

5. **LIABILITIES:**

    a. **Loans, Liabilities, Debts, and Other Obligations.** For all loans, liabilities, debts, and other obligations (other than credit cards and charge accounts) listed in your Financial Affidavit, indicate for each the following:

(1) name and address of the creditor.
(2) name in which the obligation is or was incurred.
(3) last 4 digits of the loan or account number, if any.
(4) nature of the security, if any.
(5) payment schedule.
(6) present balance and current status of your payments.
(7) total amount of arrearage, if any.
(8) balance on the date of your separation from your spouse.
(9) balance on the date of the filing of the petition for dissolution of marriage.

**You may comply with this interrogatory (5.a) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

    b. **Credit Cards and Charge Accounts.** For all financial accounts (credit cards, charge accounts, or other such accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:

(1) name and address of the creditor.
(2) name in which the account is or was maintained.
(3) names of each person authorized to sign on the accounts.
(4) last 4 digits of account numbers.
(5) present balance and current status of your payments.
(6) total amount of arrearage, if any.
(7) balance on the date of your separation from your spouse.
(8) balance on the date of the filing of the petition for dissolution of marriage.
(9) highest and lowest balance within each of the preceding 3 years.

**You may comply with this interrogatory (5.b) by providing copies of all periodic (monthly quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

    c. **Closed Credit Cards and Charge Accounts.** For all financial accounts (credit cards, charge accounts, or other such accounts) closed with no remaining balance, within the last 3 years, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (06/25)

6 of 8

- 74 -

(1) name and address of each creditor.
(2) name in which the account is or was maintained.
(3)  last 4 digits of account numbers.
(4) names of each person authorized to sign on the accounts.
(5) date the balance was paid off.
(6) amount of final balance paid off.

**You may comply with this interrogatory (5.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years.   DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

6. **MISCELLANEOUS:**

   a. If you are claiming an unequal distribution of marital property or enhancement or appreciation of nonmarital property, state the amount claimed and all facts upon which you rely in your claim.

   b. If you are claiming an asset or liability is nonmarital, list the asset or liability and all facts upon which you rely in your claim.

   c. If the mental or physical condition of a spouse or child is an issue, identify the person and state the name and address of all health care providers involved in the treatment of that person for said mental or physical condition.

   d. Detail your proposed parenting plan for the minor child(ren), including your proposed time-sharing schedule.  Alternatively, attach a copy of your proposed parenting plan.

   e. If you are claiming that the other parent's  time-sharing with the minor child(ren) should be limited,  supervised, or otherwise restricted, or that you should have sole parental responsibility for the minor child(ren), with or without time-sharing with the other parent, or that you should have ultimate responsibility over specific aspects of the child(ren)'s welfare or that these responsibilities should be divided between you and the other parent, state your reasons and all facts which you rely upon to support your claim.

7. **LONG FORM AFFIDAVIT:**  If you filed the short form affidavit, Florida Family Law Rules of Procedure Form 12.902(b), and you were specifically requested in the Notice of Service of Standard Family Law Interrogatories to file the Long Form Affidavit, Form12.902(c), you must do so within the time to serve the answers to these interrogatories.

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (06/25)

7 of 8

- 75 -

I certify that a copy of this document was [**check all used**]: (   ) emailed (   ) mailed (   ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Email Address(es): _____

**Under penalties of perjury, I declare that I have read this document and the facts stated in it are true.**

Dated: _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Email Address(es): _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* _____ Petitioner _____ Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}* _____, *{telephone number}* _____.

Florida Family Law Rules of Procedure Form 12.930(b), Standard Family Law Interrogatories for Original or Enforcement Proceedings (06/25)

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.930(c)
# STANDARD FAMILY LAW INTERROGATORIES FOR MODIFICATION PROCEEDINGS
# (06/25)

## When should this form be used?

This form should be used to ask the other **party** in your case to answer certain standard questions in writing. These questions are called **interrogatories**, and they must relate to your case.  If the other party fails to answer the questions, you may ask the **court** to order the other party to answer the questions.  (You cannot ask these questions before the **petition** has been **filed**.)

The questions in this form should be used in **modification proceedings** and are meant to supplement the information provided in the **Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should read all of the questions in this form to determine which questions, if any, the other party should answer to provide you with information not covered in the financial affidavit forms. If there are questions to which you already know the answer, you may choose not to ask them.

This form should be typed or printed in black ink. You must complete the box at the beginning of this form to indicate which questions you are requesting that the other party answer.

You must serve the other party with this document and a copy of these interrogatories and a copy of the **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(a), if by mail or hand delivery. You must serve these interrogatories and a copy of the **Notice,** if by email. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

You should also keep a copy for your records. You should not file this form with the clerk of the circuit court. However, you must file the **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(a), to tell the court that you have sent this form to the other party.

After you receive the completed answers to the interrogatories, **DO NOT FILE THIS DOCUMENT WITH THE CLERK OF THE COURT UNLESS THE ANSWERS ARE ADMITTED INTO EVIDENCE BY THE COURT AND ARE IN COMPLIANCE WITH FLORIDA RULE OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.425.**

Instructions for Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (06/25)

1 of 3

- 77 -

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold and underlined** in these instructions are defined there.

For further information, see the instructions for **Notice of Service of Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(a) and Florida Family Law Rules of Procedure 12.280, 12.285, 12.340, and 12.380.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

Instructions for Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (06/25)

2 of 3

- 78 -

# Special notes . . .

In addition to the standard questions in this form, you may ask up to 10 additional questions. You should type or print legibly your additional questions on a separate sheet of paper and attach it to this form. If you want to ask more than 10 additional questions, you will need to get permission from the court.

**You may want to inform the other party of the following information:** As a general rule, within **30 days** after service of interrogatories, the other party must answer the questions in writing and serve you with the answers. **Service** of the answers must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516. His or her answers may be written in the blank space provided after each separately numbered interrogatory. If sufficient space is not provided, the answering party may attach additional papers with the answers and refer to them in the space provided in the interrogatories. He or she should be sure to make a copy for him/herself. All answers to these questions must be made under penalties of perjury as to their truthfulness. Each question must be answered separately and as completely as the available information permits. The answers to the interrogatories are to be provided to the requesting party. **DO NOT FILE THIS DOCUMENT WITH THE CLERK OF THE CIRCUIT COURT UNLESS THE ANSWERS ARE ADMITTED INTO EVIDENCE BY THE COURT AND ARE IN COMPLIANCE WITH THE REQUIREMENTS OF FLORIDA RULE OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION 2.425.** The other party may object to a question by writing the legal reason for the objection in the space provided. He or she may also ask the court for a protective order granting him or her permission not to answer certain questions and protecting him or her from annoyance, embarrassment, apprehension, or undue burden or expense. If the other party fails to either answer or object to the questions within 30 days, he or she may be subject to court sanctions.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (06/25)

3 of 3

- 79 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

## STANDARD FAMILY LAW INTERROGATORIES
## FOR MODIFICATION PROCEEDINGS

**TO BE COMPLETED BY THE PARTY SERVING THESE INTERROGATORIES** I am requesting that the following standard questions be answered: [check all that apply]

| _____1 | _____2 | _____3 | _____4 | _____5 | _____6 | _____7 |
|---|---|---|---|---|---|---|
| Background Information | Education | Employment | Assets | Liabilities | Miscellaneous | Long Form Affidavit |

In addition, I am requesting that the attached {#} _____ questions be answered.

The answers to the following questions are intended to supplement the information provided in the Financial Affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c). You should answer the group of questions indicated in the above shaded box. The questions should be answered in the blank space provided below each separately numbered question. If sufficient space is not provided, you may attach additional papers with the answers and refer to them in the space provided in the interrogatories. You should be sure to make a copy for yourself. Each question must be answered separately and as completely as the available information permits. All answers are to be made under oath or affirmation as to their truthfulness.

**AFTER YOU ANSWER THE INTERROGATORIES, DO NOT FILE THIS DOCUMENT WITH THE CLERK OF THE COURT. ALL PERSONAL INFORMATION CONTAINED IN THE COURT FILE BECOMES PUBLIC RECORD. INSTEAD, SERVE THE ANSWERS TO THE INTERROGATORIES ON THE OTHER PARTY AND FILE FORM 12.930(d), NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES, WITH THE CLERK.**

I, *{name of person answering interrogatories}* _____,
being sworn, certify that the following information is true:

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (06/25)

1. **BACKGROUND INFORMATION:**
   a. State your full legal name and any other name by which you have been known.
   b. State your present residence and telephone numbers.

2. **EDUCATION:**
   a. List all business, commercial, and professional licenses that you have obtained since the entry of the Final Judgment sought to be modified.

   b. List all of your education since the entry of the Final Judgment sought to be modified including, but not limited to, vocational or specialized training, including the following:
      (1) name and address of each educational institution.
      (2) dates of attendance.
      (3) degrees or certificates obtained or anticipated dates of same.

3. **EMPLOYMENT:**
   a. For each place of your employment or self-employment since the entry of the Final Judgment sought to be modified, state the following:
      (1) name, address, and telephone number of your employer.
      (2) dates of employment.
      (3) job title and brief description of job duties.
      (4) starting and ending salaries.
      (5) name of your direct supervisor.
      (6) all benefits received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.

   b. Other than as an employee, if you have been engaged in or associated with any business, commercial, or professional activity since the entry of the Final Judgment sought to be modified that was not detailed above, state for each such activity the following:
      (1) name, address, and telephone number of each activity.
      (2) dates you were connected with such activity.
      (3) position title and brief description of activities.
      (4) starting and ending compensation.
      (5) name of all persons involved in the business, commercial, or professional activity with you.
      (6) all benefits and compensation received, including, for example, health, life, and disability insurance; expense account; use of automobile or automobile expense reimbursement; reimbursement for travel, food, or lodging expenses; payment of dues in any clubs or associations; and pension or profit sharing plans.

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (06/25)

2 of 8

- 81 -

c. If you have been unemployed at any time since the entry of the Final Judgment sought to be modified, state the dates of unemployment. If you have not been employed at any time since the entry of the Final Judgment sought to be modified, give the information requested above in question 3.a for your last period of employment.

4. **ASSETS:**

a. **Real Estate.** State the street address, if any, and if not, the legal description of all real property that you own or owned during the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. For each property, state the following:

(1) the names and addresses of any other persons or entities holding any interest and their percentage of interest.

(2) the present fair market value.

b. **Tangible Personal Property.** List all items of tangible personal property that are owned by you or in which you have had any interest during the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, including, but not limited to, motor vehicles, tools, furniture, boats, jewelry, art objects or other collections, and collectibles whose fair market value exceeds $100. For each item, state the following:

(1) the percentage and type interest you hold.

(2) the names and addresses of any other persons or entities holding any interest.

(3) the present fair market value.

c. **Intangible Personal Property.** Other than the financial accounts (checking, savings, money market, credit union accounts, retirement accounts, or other such cash management accounts) listed in the answers to interrogatories 4.d and 4.e below, list all items of intangible personal property that are owned by you or in which you have had any ownership interest (including closed accounts) within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, including but not limited to, partnership and business interests (including good will), deferred compensation accounts unconnected with retirement, including but not limited to stock options, sick leave, and vacation pay, stocks, stock funds, mutual funds, bonds, bond funds, real estate investment trust, receivables, certificates of deposit, notes, mortgages, and debts owed to you by another entity or person. For each item, state the following:

(1) the percentage and type interest you hold.

(2) the names and addresses of any other persons or entities holding any interest and the names and addresses of the persons and entities who are indebted to you

(3) the present fair market value or the amounts you claim are owned by or owed to you, at the time of answering these interrogatories.

**You may comply with this interrogatory (4.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. However, if the date of acquisition, the purchase price and the market valuations are not clearly reflected in the periodic statements which are furnished, then these questions must be answered separately. You do not have to resubmit any periodic statements previously furnished under rule 12.285 (Mandatory Disclosure).**

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (06/25)

d. **Retirement Accounts:** List all information regarding each retirement account/plan, including but not limited to defined benefit plans, 401k, 403B, IRA accounts, pension plans, Florida Retirement System plans (FRS), Federal Government plans, money purchase plans, HR10 (Keogh) plans, profit sharing plans, annuities, employee savings plans, etc. that you have established and/or that have been established for you by you, your employer, or any previous employer.  For each account, state the following:

(1) the name and last 4 digits of the account number of each account/plan and where it is located.

(2) the type of account/plan.

(3) the name and address of the fiduciary plan administrator/service representative.

(4) the present fair market value of your interest in each account/plan.

(5) whether you are vested or not vested; and if vested, in what amount, as of a certain date and the schedule of future vesting.

(6) the date at which you became/become eligible to receive some funds in this account/plan.

(7) monthly benefits of the account/plan if no fair market value is ascertained.

(8) beneficiary(ies) and/or alternate payee(s).


e. **Financial Accounts.**  For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:

(1) name and address of each institution.

(2) name in which the account is or was maintained.

(3)  last 4 digits of account numbers.

(4) name of each person authorized to make withdrawals from the accounts.

(5) highest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.

(6) lowest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.

**You may comply with this interrogatory (4.e) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.  DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished pursuant to rule 12.285 (Mandatory Disclosure).**


f. **Closed Financial Accounts.**  For all financial accounts (checking, savings, money market, credit union accounts, or other such cash management accounts) closed within the last 3 years, or since the entry of the Final Judgment sought to be modified, if shorter, in which you have had

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (06/25)

4 of 8

- 83 -

any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:

(1) name and address of each institution.

(2) name in which the account is or was maintained.

(3) last 4 digits of account numbers.

(4) name of each person authorized to make withdrawals from the accounts.

(5) date account was closed.

g. **Trust.** For any interest in an estate, trust, insurance policy, or annuity, state the following:

(1) If you are the beneficiary of any estate, trust, insurance policy, or annuity, give for each one the following:

(a) identification of the estate, trust, insurance policy, or annuity.

(b) the nature, amount, and frequency of any distributions of benefits.

(c) the total value of the beneficiaries' interest in the benefit.

(d) whether the benefit is vested or contingent.

(2) If you have established any trust or are the trustee of a trust, state the following:

(a) the date the trust was established.

(b) the names and addresses of the trustees.

(c) the names and addresses of the beneficiaries.

(d) the names and addresses of the persons or entities who possess the trust documents.

(e) each asset that is held in each trust, with its fair market value.

h. **Name of Accountant, Bookkeeper, or Records Keeper.** State the names, addresses, and telephone numbers of your accountant, bookkeeper, and any other persons who possess your financial records, and state which records each possesses.

5. **LIABILITIES:**

a. **Loans, Liabilities, Debts, and Other Obligations.** For all loans, liabilities, debts, and other obligations (other than credit cards and charge accounts) listed in your Financial Affidavit, indicate for each the following:

(1) name and address of the creditor.

(2) name in which the obligation is or was incurred.

(3) last 4 digits of loan or account number, if any.

(4) nature of the security, if any.

(5) payment schedule.

(6) present balance and current status of your payments.

(7) total amount of arrearage, if any.

**You may comply with this interrogatory (5.a) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (06/25)

5 of 8

- 84 -

b.  **Credit Cards and Charge Accounts.**  For all financial accounts (credit cards, charge accounts, or other such accounts) listed in your Financial Affidavit, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:

(1)  name and address of the creditor.
(2)  name in which the account is or was maintained.
(3)  names of each person authorized to sign on the accounts.
(4)   last 4 digits of account numbers.
(5)  present balance and current status of your payments.
(6)  total amount of arrearage, if any.
(7)  highest and lowest balance within each of the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.

**You may comply with this interrogatory (5.b) by providing copies of all periodic (monthly quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter. DO NOT FILE THESE DOCUMENTS IN THE COURT FILE.  You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

c.  **Closed Credit Cards and Charge Accounts.**  For all financial accounts (credit cards, charge accounts, or other such accounts) closed with no remaining balance, within the last 3 years, or since the entry of the Final Judgment sought to be modified, in which you have had any legal or equitable interest, regardless of whether the interest is or was held in your own name individually, in your name with another person, or in any other name, give the following:
(1)  name and address of each creditor.
(2)  name in which the account is or was maintained.
(3)  last 4 digits of account numbers.
(4)  name of each person authorized to sign on the accounts.
(5)  date the balance was paid off.
(6)  amount of final balance paid off.

**You may comply with this interrogatory (5.c) by providing copies of all periodic (monthly, quarterly, semi-annual, or annual) account statements for each such account for the preceding 3 years, or since the entry of the Final Judgment sought to be modified, if shorter.   DO NOT FILE THESE DOCUMENTS IN THE COURT FILE. You do not have to resubmit account statements previously furnished under rule 12.285 (Mandatory Disclosure).**

6.  **MISCELLANEOUS:**
a.  If you are claiming a diminished earning capacity since the entry of the Final Judgment sought to be modified as grounds to modify alimony or deviate from the child support established in your case, describe in detail how your earning capacity is lowered and state all facts upon which you rely in your claim.  If unemployed, state how, why, and when you lost your job.

b.  If you are claiming a change in mental or physical condition since the entry of the Final Judgment sought to be modified as grounds to modify alimony or change the child support established in your case, describe in detail how your mental and/or physical capacity has changed and state all facts on which you rely in your claim.  Identify the change in your mental

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (--/--)

6 of 8

- 85 -

and/or physical capacity, and state the name and address of all health care providers involved in the treatment of this mental or physical condition.

c. If you are requesting a change in shared or sole parental responsibility, ultimate decision-making, the time-sharing schedule, the parenting plan, or any combination thereof, for the minor child(ren), describe in detail the change in circumstances since the entry of the Final Judgment sought to be modified that you feel justify the requested change. State when the change of circumstances occurred, how the change or circumstances affects the child(ren), and why it is in the best interests of the child(ren) that the Court make the requested change. Attach your proposed parenting plan.

d. If you do not feel the requested change in shared or sole parental responsibility, ultimate decision-making, the time-sharing schedule, the parenting plan, or any combination thereof, for the minor child(ren) is in their best interests, or if you feel there has not been a change in circumstances since the entry of the Final Judgment sought to be modified, describe in detail any facts since the entry of the Final Judgment sought to be modified that you feel justify the Court denying the requested change. State what requested change, if any, in shared or sole parenting responsibility, ultimate decision-making, the time-sharing schedule, or of the parenting plan is justified or agreeable to you and why it is in the best interests of the child(ren).

**LONG FORM AFFIDAVIT:** If you filed the short form affidavit, Florida Family Law Rules of Procedure Form 12.902(b), and you were specifically requested in the Notice of Service of Standard Family Law Interrogatories to file the Long Form Affidavit, Form 12.902(c), you must do so within the time to serve the answers to these interrogatories.

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (06/25)

7 of 8

- 86 -

I certify that a copy of this document was [check **all used**]:  (   ) emailed   (   ) mailed (   ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Email Address(es): _____

**Under penalties of perjury, I declare that I have read this document and the facts stated in it are true.**

Dated: _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Email Address(es): _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* _____ Petitioner _____ Respondent This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}* _____, *{telephone number}* _____.

Florida Family Law Rules of Procedure Form 12.930(c), Standard Family Law Interrogatories for Modification Proceedings (06/25)

8 of 8

- 87 -

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE
## FORM 12.932
## CERTIFICATE OF COMPLIANCE WITH MANDATORY DISCLOSURE
## (06/25)

### When should this form be used?

**Mandatory disclosure** requires each **party** in a family matter to provide the other party with certain financial information and documents. Within 45 days of **service** of the initial petition or supplemental petition for modification on the **respondent**, these documents must be served on the other party. The mandatory disclosure rule applies to all original and **supplemental** cases, except simplified dissolution of marriage cases and cases where the respondent is served by **constructive service** and does not answer. You should use this form to notify the court and the other party that you have complied with the mandatory disclosure rule.

**Each party must provide the other party with the documents listed in section 2 of this form if the relief being sought is permanent regardless of whether it is an initial or supplemental proceeding. ONLY THE COMPLETED FORM IS FILED WITH THE COURT. NO OTHER DOCUMENTS SHALL BE FILED IN THE COURT FILE WITHOUT A PRIOR COURT ORDER, EXCEPT FOR THE FINANCIAL AFFIDAVIT, UNLESS THE PARTIES HAVE EXECUTED AND FILED FLORIDA FAMILY LAW FORM 12.902(k). THE DOCUMENTS LISTED ON THIS FORM ARE TO BE GIVEN TO THE OTHER PARTY.** If your individual gross annual income is under $50,000, you should complete the **Family Law Financial Affidavit (Short Form)**, Florida Family Law Rules of Procedure Form 12.902(b). If your individual gross annual income is $50,000 or more, you should complete the **Family Law Financial Affidavit (Long Form)**, Florida Family Law Rules of Procedure Form 12.902(c).

In addition, there are separate mandatory disclosure requirements that apply to **temporary financial relief hearings**, which are listed in section 1 of this form. The party seeking temporary financial relief must serve these documents on the other party with the notice of temporary financial relief hearing. The responding party must serve the required documents on the party seeking temporary relief. Any documents that have already been served under the requirements for temporary or initial proceedings do not need to be reserved again in the same proceeding. If a supplemental petition is filed, seeking modification, then the mandatory disclosure requirements begin again.

You must state with specificity the documents that you are producing to the other party. References to account numbers and personal identifying information are governed by Florida Rule of General Practice and Judicial Administration 2.425, which you should review prior to completing this form.

This form should be typed or printed in black ink. After completing this form, you should **file** this document with the **clerk of the circuit court** in the county where your case is filed and keep a copy for your records. A copy of this form must be served on any other party in your case. **Service** must be in accordance with Florida Rule of General Practice and Judicial Administration 2.516.

Instructions for Florida Family Law Rules of Procedure Form 12.932, Certificate of Compliance with Mandatory Disclosure (06/25)

# What should I do next?

After you have provided the other party all of the financial information and documents and have filed this form certifying that you have complied with this rule, you are under a continuing duty to promptly give the other party any information or documents that change your financial status or that make the information already provided inaccurate. Refer to the instructions regarding the **petition** in your case to determine how you should proceed after filing this form.

# Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **bold and underlined** in these instructions are defined there. For further information, see Florida Family Law Rule of Procedure 12.285.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of General Practice and Judicial Administration require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of General Practice and Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. The rules and procedures should be carefully read and followed.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of General Practice and Judicial Administration require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Florida Rules of General Practice and Judicial Administration**. If you elect to participate in electronic service, which means serving or receiving pleadings by electronic mail (e-mail), or through the Florida Courts E-Filing Portal, you must review Florida Rule of General Practice and Judicial Administration 2.516. You may find this rule at www.flcourts.org through the link to the Rules of General Practice and Judicial Administration provided under either Family Law Forms: Getting Started, or Rules of Court in the A-Z Topical Index.

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by email, the procedures must always be followed once the initial election is made.

Instructions for Florida Family Law Rules of Procedure Form 12.932, Certificate of Compliance with Mandatory Disclosure (06/25)

2 of 3

- 89 -

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the Designation of Current Mailing and E-mail Address, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General), Florida Supreme Court Approved Family Law Form 12.914; Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of General Practice and Judicial Administration 2.516.

## Special notes . . .

You may provide copies of required documents; however, the originals must be produced for inspection if the other party requests to see them.

Although the financial affidavits are based on individual gross income, either party may ask the other party to complete the **Family Law Financial Affidavit (Long Form),** Florida Family Law Rules of Procedure Form 12.902(c), by serving the appropriate interrogatory form. (See **Standard Family Law Interrogatories**, Florida Family Law Rules of Procedure Form 12.930(b) (original proceedings) or (c) (modification proceedings)).

Any portion of the mandatory disclosure rule may be modified by order of the **court** or agreement of the parties. Therefore, you and the other party may agree that you will not require each other to produce the documents required under the mandatory disclosure rule. This exception does **not** apply to the **Financial Affidavit**, Family Law Rules of Procedure Form 12.902(b) or (c), which is required in all cases and cannot be waived.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Family Law Rules of Procedure Form 12.932, Certificate of Compliance with Mandatory Disclosure (06/25)

3 of 3

- 90 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.:_____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.


# CERTIFICATE OF COMPLIANCE WITH MANDATORY DISCLOSURE


## ONLY THE COMPLETED FORM IS FILED WITH THE COURT.
**THE DOCUMENTS LISTED BELOW ARE TO BE GIVEN TO THE OTHER PARTY. NO DOCUMENTS SHALL BE FILED IN THE COURT FILE WITHOUT A PRIOR COURT ORDER, EXCEPT THE FINANCIAL AFFIDAVIT, UNLESS THE PARTIES HAVE EXECUTED AND FILED FLORIDA FAMILY LAW FORM 12.902(k).**


I, *{full legal name}* _____, certify that I have complied with the mandatory disclosure required by Florida Family Law Rule 12.285 as follows:

**1. FOR TEMPORARY FINANCIAL RELIEF, ONLY:**
The date the following documents were served: _____ .
[Check **all** that apply. State with specificity the documents being produced; if sufficient space is not provided, you may attach additional papers with this form and refer to them in the space provided.]

    a. _____ Financial Affidavit
            _____ Florida Family Law Rules of Procedure Form 12.902(b) (short form)
            _____ Florida Family Law Rules of Procedure Form 12.902(c) (long form)

    b. _____ All complete federal and state personal income tax, gift tax, and foreign tax returns for the past 3 years; including all attachments, including IRS forms W-2, 1099, and K-1, and all accompanying schedules and worksheets comprising the entire tax return; **or**
            _____ Transcript of tax return as provided by IRS form 4506-T; **or**
            _____ IRS forms W-2, 1099, and K-1 for the past year because the income tax return for the past year has not been prepared; and for any of the prior 2 years beyond the past year if tax returns for any of those years have not been filed.

    c._____ Pay stubs or other evidence of earned income for the 6 months before the compliance

with the disclosure requirements for temporary relief. The following are produced:

_____

_____

_____

_____.

**2.  FOR INITIAL, SUPPLEMENTAL, AND PERMANENT FINANCIAL RELIEF:**

The date the following documents were served: _____.

[Check **all** that apply. State with specificity the documents being produced; if sufficient space is not provided, you may attach additional papers with this form and refer to them in the space provided.]

a.____ Financial Affidavit
_____ Florida Family Law Rules of Procedure Form 12.902(b) (short form)
_____ Florida Family Law Rules of Procedure Form 12.902(c) (long form)

b.____ All complete federal and state personal income tax, gift tax, and foreign tax returns, for the past 3 years; including all attachments, including IRS forms W-2, 1099, and K-1, and all accompanying schedules and worksheets comprising the entire tax return;
_____ Transcript of the tax return as provided by IRS form 4506-T; **or**
_____ IRS forms W-2, 1099, and K-1 for the past year because the income tax return for the past year has not been prepared; and for any of the prior 2 years beyond the past year if tax returns for any of those years have not been filed.

c. ____ Pay stubs or other evidence of earned income for the 6 months before the compliance with these disclosure requirements for initial or supplemental proceedings. The following are produced: _____

_____

_____.

d.____ A statement identifying the source and amount of all income for the 6 months before the compliance with these disclosure requirements for initial or supplemental proceedings, if not reflected on the pay stubs produced. The following are produced: _____

_____

_____.

e.____ All loan applications, financial statements, credit reports, or any other form of financial disclosure, including financial aid forms, prepared for any purpose or used for any purpose within the 24 months preceding the compliance with these disclosure requirements for initial or supplemental proceedings. The following are produced: _____

_____

_____

_____.

f. ____ All deeds to real estate in which I presently own or owned an interest within the past 3 years. All promissory notes or other documents evidencing money owed to me or my spouse at any time within the last 24 months. All leases, whether in my name individually, in my name jointly with any other person or entity, in my name as trustee or guardian for a party or a minor or adult dependent child of both parties, or in someone else's name on my behalf wherein either party (A) is receiving or has received payments at any time within the last 3 years, or (B) owns or owned an interest. The

Florida Family Law Rules of Procedure Form 12.932, Certificate of Compliance with Mandatory Disclosure (06/25)

following are produced: _____

_____

_____

_____.

g. ____ All periodic statements for the last 12 months for all checking accounts and for the last year for all savings accounts, money market funds, certificates of deposit, etc., whether in my name individually, in my name jointly with any other person or entity, in my name as trustee or guardian for a party or a minor or adult dependent child of both parties, or in someone else's name on my behalf; and for all accounts that have check-writing privileges, copies of canceled checks and registers, whether written or electronically maintained. The following are produced: _____

_____

_____

_____.

h. ____ All brokerage account statements for the last 12 months, in either party's name individually or jointly with any person or entity, or as a trustee or guardian for a party or a minor or adult dependent child of both parties, or in someone else's name on my behalf; and for all accounts that have check-writing privileges, copies of canceled checks and registers, whether written or electronically maintained. The following are produced:

_____

_____

_____.

i. ____ Most recent statement and statements for the past 12 months for any pension, profit sharing, deferred compensation, or retirement plan (for example, IRA, 401(k), 403(b), SEP, KEOGH, etc.) and summary plan description for any such plan in which I am a participant or an alternate payee receiving payments. The following are produced: _____

_____

_____

_____.

j. ____ Most recent statement and statements for the past 12 months for any virtual currency transactions in which either party participated within the last 12 months or holds an interest in, either individually, jointly with any other person or entity, as trustee or guardian for a party or minor or adult dependent child of both parties, or in someone else's name on my behalf, and a listing of all current holdings of virtual currency. The following are produced: _____

_____

_____

_____.

k. ____ The declaration page, the last periodic statement, statements for the past 12 months and the certificate for any group insurance for all life insurance policies insuring my life or the life of my spouse. The following are produced: _____

_____

_____

_____.

l. _____ All health and dental insurance cards covering either me or my spouse and/or our dependent child(ren). The following are produced: _____

_____

_____ .

m. _____ Corporate, partnership, and trust tax returns for the last 3 tax years, in which I have an ownership or interest. The following are produced: _____

_____

_____ .

n._____ All credit card and charge account statements and other records showing my (our) indebtedness as of the date of the filing of this action and for the prior 24 months preceding compliance with these disclosure requirements for initial or supplemental proceedings. All promissory notes on which I presently owe or owned within the past 24 months, whether paid or not.  All lease agreements I presently owe, either in my name individually, jointly with any other person or entity, in my name as trustee or guardian for a party or a minor or adult dependent child of both parties, or in someone else's name on my behalf. The following are produced: _____

_____

_____ .

o._____ All premarital and marital agreements between the parties to this case, and all affidavits and declaration of non-paternity or judgments of disestablishment of paternity for any minor or dependent children born or conceived during the marriage. The following are produced: _____

_____

_____ .

p._____ If a modification proceeding, all written agreements entered into between the parties at any time since the order to be modified was entered. The following are produced: _____

_____

_____

_____ .

q._____ All documents relating to claims for an unequal distribution of marital property, enhancement or appreciation in nonmarital property, or nonmarital status of an asset or debt. The following are produced: _____

_____

_____ .

r. _____ Any court order directing that I pay or receive spousal support (alimony) or child support. The following are produced: _____

_____

_____ .

I certify that a copy of this document was [**check all used**]:  (   ) e-mailed (   ) mailed (   ) hand delivered to the person(s) listed below on *{date}*_____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
E-mail Address(es): _____

**Under penalties of perjury, I swear or affirm that the above disclosure and statements made in it are complete, accurate, and in compliance with the requirements of Rule 12.285, Fla. Fam. L.R.P.**

Dated: _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
E-mail Address(es): _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* _____ Petitioner _____ Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}* _____, *{telephone number}* _____.